No. 98-116


IN THE SUPREME COURT OF THE STATE OF MONTANA


1998 MT 203


JIM & TRACY'S ALIGNMENT, INC.,


Plaintiff and Respondent,


v.


KEITH SMITH,


Defendant and Appellant.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

Honorable Diane G. Barz, Judge Presiding.

COUNSEL OF RECORD:

For Appellant:

Keith Warren Smith, Pro Se, Roundup, Montana

For Respondent:

R. Russell Plath, Halverson, Sheehy and Plath, Billings, Montana

Assistant Attorney General, Helena, Montana

Submitted on Briefs: June 25, 1998

Decided: August 24, 1998

Filed:

_____

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

¶ **Jim & Tracy's Alignment, Inc., brought this action in the Thirteenth Judicial District Court, Yellowstone County, to collect a bill for repairs on Keith Smith's pickup truck. The action was dismissed on Jim & Tracy's motion after the repair bill was paid. Smith appeals. We affirm.**

¶ **Smith sets forth fifteen issues on appeal. As discussed more fully below, the only substantive issue properly before this Court is whether the District Court abused its discretion in granting the motion to dismiss.**

Background

¶ **Jim & Tracy's initial complaint in this action was filed in September 1997, to collect a bill for repair of Smith's pickup truck. The complaint mistakenly identified Smith's truck as a 1985 GMC; the model year was actually 1986. In response to the complaint, Smith, appearing pro se, filed a demand for jury trial, an unsupported motion to dismiss, a motion for leave to proceed *in forma pauperis*, and a motion for substitution of judge. The District Court denied Smith's *in forma pauperis* motion. This Court reversed that denial on Smith's application for supervisory control and remanded for further proceedings including substitution of judge.**

¶ **On remand, the presiding judge was substituted. Smith filed a brief and affidavit in support of his earlier motion to dismiss, stating that he had at no time owned the vehicle described in the complaint. Jim & Tracy's then moved to be allowed to amend its complaint to give the correct model year for Smith's pickup. Smith**

opposed that motion and moved for Rule 11, M.R.Civ.P., sanctions against Jim & Tracy's on grounds that they had falsely certified that reasonable inquiry into the facts was made before they filed their complaint.

¶ The court granted Jim & Tracy's leave to file an amended complaint, and an amended complaint was filed indicating the correct model year for Smith's truck. Smith then moved for more definite statement under Rule 12(e), M.R.Civ.P., and for Rule 11, M.R.Civ.P., sanctions on grounds that one of Jim & Tracy's briefs contained an improper citation to a nonpublished case. Jim & Tracy's opposed Smith's motion for more definite statement, arguing that the information requested by Smith could be obtained through discovery after he filed an answer to the complaint, which he had not yet done. It opposed Smith's second request for sanctions on grounds that the unpublished case was a related case and was cited only to show that the presiding judge had knowledge of Smith's financial status for purposes of deciding his *in forma pauperis* motion. On December 11, 1997, Smith filed a reply brief and a notice for hearing on his pending motions to be held on January 7, 1998.

¶ On the same day, Jim & Tracy's moved to dismiss its amended complaint pursuant to Rule 41, M.R.Civ.P., because Smith's bill had been paid in full. On December 15, 1997, the District Court granted the motion to dismiss, vacated the hearing set for January 7, 1998, and ordered that "THE ABOVE-ENTITLED MATTER IS CLOSED AND NO FURTHER DOCUMENTS CAN BE FILED OR ALLOWED TO BE FILED IN THIS ACTION."

¶ Smith filed a second application for writ of supervisory control with this Court. We granted supervisory control to the extent of stating that Smith could not be denied his right to file a notice of appeal, but denied the application to all further extent. Smith appeals.

## Discussion

¶ This Court does not generally rule on moot questions. A moot question is one which existed once but no longer presents an actual controversy. *Ruckdaschel v. State Farm* (1997), 285 Mont. 395, 396, 948 P.2d 700, 701. Smith states as one of his issues on appeal that the District Court erred in initially denying him leave to defend the case without prepayment of fees. That issue was resolved in his favor as a result of his first application for writ of supervisory control and is now moot. There is no reason

to consider it further.

¶ Smith states as another issue that lawyers are held to higher standards in filing court papers than are nonlawyers. He does not connect this statement to the record, and this was not a matter relied upon by the District Court in granting dismissal. We conclude that this is not an issue and decline to consider it further.

¶ Smith sets forth three issues relating to Jim & Tracy's citation, in a brief, to this Court's nonpublished opinion in Smith's appeal of a prior District Court case to which he was a party. Smith argues that Jim & Tracy's should have been sanctioned by the District Court and by this Court for that citation to an unpublished opinion.

¶ Review of the record reveals that Jim & Tracy's reference to this Court's opinion in the prior case was solely for purposes of explaining that the District Court had prior information on Smith's financial status, in relation to his application to be allowed to appear *in forma pauperis*. The case was not cited as legal authority, and its citation was in no way improper. The District Court did not err in failing to award sanctions for that citation.

¶ The District Court's order dismissing this case under Rule 41(a), M.R.Civ.P., is the proper focus of this appeal. Our standard of review of that order granting voluntary dismissal is whether the trial court abused its discretion. *Harwood v. Glacier Elec. Coop., Inc.* (1997), 285 Mont. 481, 486, 949 P.2d 651, 654.

¶ Rule 41(a), M.R.Civ.P., provides in relevant part:

> (2) By order of court. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Because Smith had not filed an answer to Jim & Tracy's complaint, no motion for summary judgment was, or could have been, made. The remaining question is whether Smith had pleaded a counterclaim which precluded dismissal of the complaint.

**¶ Smith sets forth several issues in his brief to this Court which may be construed to imply that he had counterclaims pending when the District Court dismissed this action. He maintains the court erred in dismissing the action before the expiration of the time statutorily allowed him to answer the motion for dismissal. Smith also alleges that the District Court erred in not dismissing the complaint upon his motion and in not sanctioning Jim & Tracy's for filing a frivolous complaint; that Jim & Tracy's maliciously prosecuted him by filing malicious original and amended complaints and by delaying in moving to dismiss its complaint; and that the initial denial of his motion to be allowed to proceed *in forma pauperis* established prejudice against him in the courts of Yellowstone County.**

**¶ Although Smith lists all of the above as issues on appeal, a thorough review of the District Court file does not reveal any document that can be considered as a counterclaim for purposes of preventing dismissal under Rule 41(a), M.R.Civ.P. Only two documents in the District Court file even remotely hint at counterclaims. The first is Smith's brief in opposition to Jim & Tracy's motion to be allowed to amend the complaint, which states, "Registration papers and personal belongings of Defendant which, along with a 1986 GMC pickup were detained against interests by Plaintiff in violation of repealed mechanic lien statutes, contained the correct information." Smith's request for relief in that document was that the District Court deny the motion to amend and for sanctions. The second document which hinted at a counterclaim was Smith's reply brief to Jim & Tracy's response to Smith's motion for more definite statement. In that document, Smith stated:**

> [I]t still is in the best interest of all concerned to obtain at this time all other information requested by Defendant, since he needs it to properly compose affirmative defenses, counterclaims, third party complaints and joinder of additional parties.

> Defendant believes in good faith . . . that violations of criminal and civil statutes likely took place, pertaining to a pickup he at one time owned. These

include, but are not restricted to detainer, vehicle theft, theft of property from a motor vehicle, fraud, driving of a vehicle without owner's permission, et al.

Smith asked the court to order Jim & Tracy's to issue a more definite statement, "and for all other relief as may be granted in the interests of curing **INFECTIOUS INJUSTICE TM.**"

**¶ A pleading which sets forth a claim for relief, such as a counterclaim, must contain a short and plain statement of the claim and a demand for judgment for the relief sought. Rule 8(a), M.R.Civ.P. The above documents seem to indicate an intent on the part of Smith to file counterclaims in the future, but neither of them establishes a pleaded counterclaim for purposes of notice to Jim & Tracy's that a counterclaim had been filed. Even a liberal approach to pleading would not recognize Smith's statements as a counterclaim.**

**¶ Having thus concluded that no counterclaims were filed in this case, we hold that the District Court did not abuse its discretion in dismissing Jim & Tracy's complaint against Smith under Rule 41(a), M.R.Civ.P., on grounds that the amount due had been paid. We affirm the District Court's order of dismissal.**

/S/ J. A. TURNAGE

We concur:

/S/ JAMES C. NELSON

/S/ TERRY N. TRIEWEILER

/S/ WILLIAM E. HUNT, SR.

No

/S/ W. WILLIAM LEAPHART