No. 99-513

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 141N

CREDIT SERVICE CO., INC.,

Plaintiff and Respondent,

v.

GLENN LAGERQUIST and FRANCES M.

LAGERQUIST and THE FRANCES M.

LAGERQUIST TRUST,

Defendants and Appellants.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

Honorable Susan P. Watters, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

Glenn Lagerquist, Pro Se, Billings, Montana

For Respondent:

Benjamin J. LaBeau, Harper Law Firm, Billings, Montana

Submitted on Briefs: January 13, 2000

Decided: May 25, 2000

Filed:

_____

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 The respondent, Credit Services Co., Inc., brought an action in the Thirteenth Judicial District Court, Yellowstone County, against the appellants, the Lagerquists, to collect on a bill assigned to it. The Lagerquists filed an answer *pro se*, generally denying all parts of Credit Services' complaint. They did not state any defense or make a counterclaim. After they filed their answer, the Lagerquists did not participate in any of the pretrial proceedings. Six days before trial, the Lagerquists' attorney filed a notice to appear and a motion for continuance. At trial, neither the Lagerquists nor their attorney was present when the District Court denied the motion for continuance. The Lagerquists' attorney arrived after the trial began. The District Court did not allow him to introduce a breach of contract argument, and ultimately it decided in Credit Services' favor. From this, the Lagerquists appeal *pro se*. We affirm.

¶3 The Lagerquists address two issues on appeal:

¶4 1. Did the District Court abuse its discretion when it denied their motion for

continuance?

¶5 2. Did the District Court abuse its discretion when it did not allow their attorney to introduce a breach of contract argument at trial?

## ISSUE 1

¶6 Did the District Court abuse its discretion when it denied the Lagerquists' motion for continuance?

¶7 The District Court has discretion to postpone a trial pursuant to § 25-4-503, MCA, "[u] pon good cause shown and in furtherance of justice, . . . under such conditions as the court may direct." Our standard in reviewing a district court's denial of a motion for continuance is whether the district court abused its discretion. *See Matter of M.M.* (1995), 274 Mont. 166, 172, 906 P.2d 675, 678.

¶8 In the motion for continuance, the Lagerquists' attorney asserted that he needed additional time to prepare a defense because he had just been retained. The District Court denied the request because the Lagerquists had had over nine months to retain counsel but failed to do so until six days before trial. This Court has upheld a District Court's denial of a motion for continuance, deciding that less time than this was ample time to locate an attorney. *See, e.g., Fields v. Wells* (1989), 239 Mont. 392, 395, 780 P.2d 1141, 1143. The Lagerquists have not demonstrated an abuse of the District Court's discretion.

¶9 The Lagerquists argue that because the District Court did not rule on the motion for continuance until trial, they did not have adequate notice of the denial and lost their opportunity to be heard. They argue that their due process rights were violated.

¶10 Due process requires that a party have notice of an action or judgment and a reasonable opportunity to be heard. *See Matter of Adoption of R.M.* (1990), 241 Mont. 111, 116, 785 P.2d 709, 712. The Lagerquists had notice of trial, ample time to retain an attorney, and the opportunity to appear at trial to be heard. The fact that they failed to participate in the pretrial proceedings or show up at trial was of their own design. Therefore, their contention that they were denied due process lacks merit. *Cf. Matter of Adoption of J.M.H.* (1994), 264 Mont. 381, 386-87, 871 P.2d 1326, 1329.

¶11 Thus, we conclude that the District Court did not abuse its discretion when it denied

the Lagerquists' motion for continuance.

## ISSUE 2

¶12 Did the District Court abuse its discretion when it did not allow the Lagerquists' attorney to introduce a breach of contract argument at trial?

¶13 The Lagerquists believe that their general denial to Credit Services' complaint was sufficient to raise a breach of contract argument later at trial. In its findings of fact, the District Court noted that the "Defendants did not include a counterclaim for breach of contract against Plaintiff or the providers in their Answer." In its conclusions of law, the District Court stated: "Any claims or evidence by Defendants of breach of contract have not been properly raised pursuant to Rule 12(b) M.R.Civ.P. and any evidence of such a claim is, therefore, inadmissible, pursuant to Rule 104 and 402, M.R.Evid."

¶14 We agree with the District Court that the Lagerquists' breach of contract argument was not properly raised in their answer or at any time before trial. Rule 12(b), M.R.Civ.P., requires that every defense to a claim, counterclaim or third-party claim be raised in the responsive pleading. *See Holtman v. 4-G's Plumbing & Heating, Inc.* (1994), 264 Mont. 432, 438, 872 P.2d 318, 322. Rule 8(a), M.R.Civ.P., requires that a pleading which sets forth a claim for relief, such as a counterclaim, must contain a short and plain statement of the claim and a demand for judgment for the relief sought. *See Jim & Tracy's Alignment, Inc. v. Smith*, 1998 MT 203, ¶ 16, 290 Mont. 368, ¶ 16, 966 P.2d 731, ¶16. Despite the Lagerquists' contention, these rules are upheld under our Constitution. A general denial such as the one the Lagerquists made is not sufficient to raise a breach of contract claim at trial.

¶15 Accordingly, it was not error for the District Court to prohibit Lagerquists' attorney from introducing any facts pertaining to the breach of contract argument. Rulings on the admissibility of evidence are within the sound discretion of the trial court and will not be overturned on appeal absent an abuse of discretion. *See Zimmerman v. Robertson* (1993), 259 Mont. 105, 110, 854 P.2d 338, 341.

¶16 The Lagerquists summarily argue that they lacked enough money to hire an attorney and that they were not aware there was a breach of contract until February 1999, four months after they filed their answer. Nonetheless, they had at least five more months to pursue their breach of contract claim before trial was scheduled to begin, and they could

have pursued their claim *pro se*. Thus, we are not persuaded by their argument.

¶17 We conclude that the District Court did not abuse its discretion when it did not allow the Lagerquists' attorney to introduce a breach of contract claim at trial.

¶18 The District Court's decision is affirmed.

/S/ J. A. TURNAGE

We concur:

/S/ WILLIAM E. HUNT, SR.

/S/ W. WILLIAM LEAPHART

/S/ KARLA M. GRAY

Justice Terry N. Trieweiler concurring.

¶19 I concur with the majority's conclusion that the District Court did not abuse its discretion when it denied the Defendant's motion for a continuance.

¶20 I also concur with the majority's decision to affirm the District Court's exclusion of evidence related to breach of contract. However, I do not agree with the District Court's, nor the majority's reasons for excluding that evidence.

¶21 Rule 12(b), M.R.Civ.P., is not applicable to the circumstances in this case. It simply requires that a defense to a claim for relief shall be asserted in the responsive pleading and then notes those exceptions which may be raised by motion. Rule 8(b), M.R.Civ.P., sets forth the form and substance of the responsive pleading that is required and merely requires a "short and plain" statement admitting or denying the allegations in the complaint. In this case, there were no specific allegations in the Plaintiff's complaint. There was one paragraph pertaining to this claim and the Defendants' one paragraph denial was sufficient to raise an issue about whether the allegation in the complaint was true.

¶22 However, when at trial, the Defendants conceded that services had been performed for them, but sought to admit evidence which would permit them to avoid any obligation for those services, that evidence was in the nature of an affirmative defense. The applicable

rule then became Rule 8(c), M.R.Civ.P. which provides in relevant part that:

> In pleading to a preceding pleading, a party shall set forth affirmatively . . . failure of consideration . . . and any other matter constituting an avoidance or affirmative defense.

I conclude, based on the facts presented to the District Court and those facts argued on appeal by the Defendants, but which were not admitted by the District Court, that the evidence was offered to prove lack of consideration for the services for which Plaintiff sought to recover. For that reason, Defendants had an obligation to affirmatively raise lack of consideration or breach of contract in their answer as bases for avoiding their obligation to pay for the services that were performed.

¶23 For these reasons, I concur with the result of the majority opinion, but not the reasons given for that opinion.

/S/ TERRY N. TRIEWEILER