No. 02-134

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 349

LEWISTOWN PROPANE COMPANY,
and GENE MEIER,

       Plaintiffs and Respondents,

   v.

LYLE V. MONCUR and SUE T. MONCUR,

       Defendants and Appellants.

APPEAL FROM:   District Court of the Tenth Judicial District,
                In and For the County of Fergus,
                Honorable E. Wayne Phillips, Judge Presiding

COUNSEL OF RECORD:

       For Appellants:

       Robert L. Johnson, Attorney at Law, Lewistown, Montana

       For Respondents:

       Jon A. Oldenburg, Attorney at Law, Lewistown, Montana

                   Submitted on Briefs:  September 5, 2002

                          Decided:  December 30, 2002

Filed:

                               Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1     Appellants, Lyle and Sue Moncur, appeal from the Tenth Judicial District Court's judgment, dismissing their counterclaim and motion for partial summary judgment, imposing sanctions on the Moncurs and their attorney, and awarding Lewistown Propane its attorney fees. We affirm.

¶2     The following issues are raised on appeal:

¶3     (1) Whether the District Court erred when it concluded that the offset performed by Realty Title Company was appropriate, and that the parties were paid in full under the Sales Agreement and Promissory Note;

¶4     (2) Whether the District Court erred when it granted Lewistown Propane its attorney fees; and

¶5     (3) Whether the District Court erred when it imposed discovery related sanctions on the Moncurs and their attorney.

## FACTUAL AND PROCEDURAL BACKGROUND

¶6     The Moncurs owned all outstanding shares of Lewistown Propane, a Montana corporation that sells propane and related products. On March 25, 1991, the Moncurs sold their stock shares to the corporation and Gene Meier. The Sales Agreement provided the following: that the balance of the purchase price for the shares was to be paid by the corporation in monthly installments; that the Moncurs would pay the corporation an amount owed to the corporation on a pre-existing debt; that the Moncurs would pay this amount in monthly installments to an escrow agent, Realty Title Company; and that upon completion of

2

the Moncurs' payments, the escrow file would be delivered to the corporation. Pursuant to the agreement, the Moncurs signed a Promissory Note to Lewistown Propane in the amount of $130,012. The note was payable over fifteen years. The Sales Agreement, Promissory Note, and shares were placed in escrow with Realty Title.

¶7  Lewistown Propane began making payments to the Moncurs pursuant to the Sales Agreement. The Moncurs instructed Realty Title to deduct, from each payment made by Lewistown Propane, the monthly payment required of the Moncurs under the Promissory Note. Realty Title then paid these amounts to Lewistown Propane in satisfaction of the note.

¶8  In time, the relationship between the Moncurs and Lewistown Propane began to deteriorate. Lewistown Propane made a formal tender offer to the Moncurs to pay the remaining purchase price of $301,327, the amount owed by Lewistown Propane under the Sales Agreement offset by the amount which the Moncurs owed to the corporation under the Promissory Note. Lewistown Propane also requested that the Moncurs waive all other claims against the corporation. Realty Title declined to accept Lewistown Propane's proposal on grounds that the Moncurs had not agreed to the offset in writing. Realty Title returned the tender offer to Lewistown Propane.

¶9  Lewistown Propane then sued for declaratory judgment, seeking a determination from the Tenth Judicial District Court that the amount owed to the Moncurs under the Sales Agreement had been fully paid, and that the contents of the escrow file should be released to the corporation. The Moncurs moved to dismiss, arguing that the Sales Agreement did not

3

permit Lewistown Propane to satisfy its purchase obligations by tendering the purchase price offset by the amount to be paid under the Promissory Note.

¶10    The Moncurs subsequently defaulted on two payments under the Promissory Note, and Lewistown Propane accelerated the balance of the note. Lewistown Propane paid Realty Title $375,817 under the Sales Agreement. Realty Title deducted $71,298, the balance owed by the Moncurs under the Promissory Note, and transferred that amount back to Lewistown Propane in satisfaction of the note. Realty Title then forwarded the balance of the amount to the Moncurs.

¶11    Because Realty Title had performed the offset itself, Lewistown Propane moved to dismiss its suit for declaratory judgment. The District Court dismissed the action, but later reopened the case to allow Realty Title to deposit the escrow file with the court for a disposition of its contents. The Moncurs waived a jury trial and proposed to the District Court and Lewistown Propane that issues regarding the validity of the offset performed by Realty Title should be decided by the court on the basis of briefs and affidavits. The Moncurs proceeded to argue that the offset was inappropriate and that they had not received full payment under the Sales Agreement.

¶12    Regarding the validity of the offset, the District Court determined that after receiving payment from Lewistown Propane under the Sales Agreement, the escrow company had correctly deducted the amount owed by the Moncurs under the Promissory Note because Lewistown Propane had properly accelerated the balance of the note. The court granted

attorney fees to Lewistown Propane and imposed sanctions on the Moncurs and their attorney for failure to answer discovery requests.

## DISCUSSION

### Issue One

¶13 We first address the Moncurs' contentions regarding the validity of the offset performed by Realty Title. Although the Moncurs acknowledge that Lewistown Propane made a "substantial payment" under the Sales Agreement, they maintain that the corporation failed to pay the full purchase price for the stock shares, which would have included the amount of the offset. The Moncurs assert that Realty Title did not have the authority to exercise the offset or accelerate the Promissory Note and deduct the full amount owed by the Moncurs on the note from the amount owed by Lewistown Propane under the Sales Agreement. The Moncurs conclude that the District Court erred when it dismissed their counterclaim and motion for partial summary judgment. In response, Lewistown Propane argues that pursuant to the offset performed by Realty Title, both the Sales Agreement and the Promissory Note were paid in full, rendering moot the Moncurs' argument that the offset was invalid.

¶14 Our standard of review of a trial court's conclusions of law is whether the court's interpretation of the law is correct. *Carbon County v. Union Reserve Coal Co., Inc.* (1995), 271 Mont. 459, 469, 898 P.2d 680, 686. *See also Kreger v. Francis* (1995), 271 Mont. 444, 447, 898 P.2d 672, 674; *Steer, Inc. v. Dep't of Revenue* (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603. Generally, this Court does not address moot questions. We have stated that

5

"[a] moot question is one which existed once but no longer presents an actual controversy." *Jim & Tracy's Alignment, Inc. v. Smith*, 1998 MT 203, ¶ 8, 290 Mont. 368, ¶ 8, 966 P.2d 731, ¶ 8.

¶15    Here, both the Sales Agreement and the Promissory Note were paid in full, and the Moncurs' contentions regarding the validity of the offset performed by Realty Title is moot. The District Court observed that Realty Title's acceleration of the Promissory Note was not improper because the note "explicitly provided for acceleration upon notice of default . . . ." The court further noted that the deduction of the Moncurs' monthly obligation under the note from the corporation's monthly obligation under the Sales Agreement "occurred throughout the history of the Sales Agreement and was conducted pursuant to instructions given the escrow company by [the Moncurs] . . . ."  Thus, the acceleration of the note and the subsequent offset were appropriate, and there seems to be no real question that the offset amount was owed.

¶16    Following the Moncurs' default, Lewistown Propane paid Realty Title $375,817, satisfying the corporation's obligation under the Sales Agreement.  Realty Title then deducted from that payment the amount owed by the Moncurs under the Promissory Note, transferred the balance back to Lewistown Propane in satisfaction of the note, and forwarded the balance of the corporation's payment to the Moncurs.  Thus, both parties received the money owed to them.  On this basis, we conclude that the issues raised by the Moncurs have lost any practical purpose, and we decline to consider their arguments further.  The District Court properly dismissed their counterclaim and motion for partial summary judgment.

6

¶17    Next, we address the Moncurs' contention that the District Court erred when it granted Lewistown Propane attorney fees.  The Moncurs argue that because Lewistown Propane's declaratory judgment action was not initiated in an effort to enforce the terms of the Sales Agreement, Section Ten of the agreement, allowing for attorney fees to be paid to the party enforcing the agreement, does not apply, and the award of attorney fees is not appropriate.

¶18    In response, Lewistown Propane asserts that when the case was reopened by the District Court (following the dismissal of the original suit for declaratory judgment), it became an action to enforce the corporation's rights under the Sales Agreement, specifically the corporation's right to receive the escrow file held by Realty Title.  Lewistown Propane notes that the District Court awarded attorney fees for this reason, and that the Moncurs also sought attorney fees under Section Ten of the Sales Agreement.

¶19    Our standard of review of a trial court's order granting or denying attorney fees and costs is whether the court abused its discretion.  *See In re Marriage of Gingerich* (1994), 269 Mont. 161, 167-68, 887 P.2d 714, 718.  Section Ten of the Sales Agreement provided that "[i]n the event it is necessary for any one of the parties hereto to bring any action to enforce any of the terms and covenants of this agreement, it is agreed that the prevailing party shall be entitled to a reasonable attorney's fee to be set by the Court."  The District Court determined that by refusing to release the escrow documents upon Lewistown Propane's full payment under the terms of the Sales Agreement, the Moncurs forced Lewistown Propane "to bring this cause of action in order to obtain the delivery of the escrow documents."

Specifically, Lewistown Propane sought to enforce Section Three of the Sales Agreement, which dictated that upon completion of payments under the agreement, the entire escrow file held by Realty Title was to be delivered to the corporation. Because the corporation's action was to enforce this provision of the Sales Agreement, we conclude that an award of attorney fees, pursuant to Section Ten of the agreement, was not improper. Thus, the District Court did not abuse its discretion.

Issue Three

¶20    Finally, we address the Moncurs' contention that the District Court erred when it imposed discovery related sanctions on the Moncurs and their attorney. Because the Moncurs failed to comply with discovery requests served by Lewistown Propane, the District Court ordered compliance under Rule 37(a), M.R.Civ.P. Although the Moncurs then served their answers in a timely manner, they neglected to sign the documents in violation of Rule 33, M.R.Civ.P. The District Court determined that sanctions were available under Rule 37(b)(2)(B), M.R.Civ.P., and, accordingly, denied the Moncurs' attempts to introduce additional affidavits not previously submitted through the discovery process.

¶21    The Moncurs maintain that the District Court was required to offer them a "second chance" to present signed answers to Lewistown Propane's interrogatories. Although the Moncurs acknowledge that they did not comply with the District Court's Order, they contend that the court abused its discretion by imposing sanctions without giving them another opportunity to provide signed answers. In response, Lewistown Propane argues that the Moncurs' case was not prejudiced by the District Court's decision to preclude additional

8

affidavits not submitted during discovery. According to Lewistown Propane, the District Court still addressed the Moncurs counterclaims and defenses in its findings of fact and conclusions of law, and considered the Moncurs' case on the basis of the record.

¶22    We review a trial court's order granting Rule 37, M.R.Civ.P., sanctions for abuse of discretion. *See Eisenmenger by Eisenmenger v. Ethicon, Inc.* (1994), 264 Mont. 393, 402, 871 P.2d 1313, 1319. We generally defer to a trial court's decision "because the trial court is in the best position to know whether parties are disregarding the rights of opposing parties in the course of litigation and which sanctions for such conduct are most appropriate." *McKenzie v. Scheeler* (1997), 285 Mont. 500, 506, 949 P.2d 1168, 1172. As a matter of policy, we have stated that those who abuse the discovery rules should be punished rather than encouraged repeatedly to cooperate in the discovery process. *See McKenzie*, 285 Mont. at 506, 949 P.2d at 1171. We have also stated that "dilatory abuse of discovery must no longer be dealt with leniently . . . ." *Maloney v. Home and Investment Center, Inc.*, 2000 MT 34, ¶ 34, 298 Mont. 213, ¶ 34, 994 P.2d 1124, ¶ 34.

¶23    Rule 37, M.R.Civ.P., governs sanctions for failure to comply with discovery. Rule 37(b)(2)(B) provides that "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make . . . [a]n Order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence . . . ." Rule 37(b)(2)(B), M.R.Civ.P.

9

¶24 The Moncurs' failure to comply with discovery was by no means unintentional, but rather a concerted effort to avoid cooperating with Lewistown Propane and the District Court. The transcript of the hearing on the corporation's motion to compel demonstrates that the Moncurs were resistant to discovery requests and offered only specious explanations for their noncompliance. In April 2001, the District Court entered a scheduling order requiring that all written responses to discovery be submitted by August 17, 2001. Following the court's April order, Lewistown Propane served the Moncurs with interrogatories. The Moncurs failed to respond in a timely manner and, in fact, declined to submit answers until November 2001, four months later, when the District Court ordered compliance. Even then, they failed to sign the documents.

¶26 Despite the Moncurs' intransigence, the District Court addressed their defenses and counterclaims, and considered their case on the basis of the record. Although the issues were decided in Lewistown Propane's favor, the sanctions did not result in prejudice to the Moncurs' case. Thus, we conclude that the District Court did not abuse its discretion when it imposed sanctions and precluded the Moncurs from introducing affidavits not previously submitted during discovery.

¶27 Therefore, for the reasons discussed above, the order of the District Court is affirmed in its entirety.

/S/ W. WILLIAM LEAPHART

10

We concur:


/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ JIM REGNIER
/S/ TERRY N. TRIEWEILER