No. 03-175

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 368

LEWISTOWN PROPANE CO.
and GENE MEIER,

        Plaintiffs and Respondents,

    v.

LYLE V. MONCUR and
SUE T. MONCUR,

        Defendants and Appellants.

APPEAL FROM:    District Court of the Tenth Judicial District,
                In and for the County of Fergus, Cause No. DV 2000-41
                The Honorable E. Wayne Phillips, Judge presiding.

COUNSEL OF RECORD:

        For Appellants:

                Robert L. Johnson, Attorney at Law, Lewistown, Montana

        For Respondents:

                Jon A. Oldenburg, Attorney at Law, Lewistown, Montana

                   Submitted on Briefs:  September 11, 2003

                              Decided:  December 23, 2003

Filed:

_____
                       Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 The Moncurs appeal from the Tenth Judicial District Court's denial of their Rule 60(b) motion. We affirm and remand.

## ISSUE

¶2 The issue presented by the Moncurs on appeal is whether the District Court erred in denying their Rule 60(b), M.R.Civ.P., Motion peremptorily and without opportunity for hearing.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 We resolved several issues between these parties in December 2002 in *Lewistown Propane v. Moncur*, 2002 MT 349, 313 Mont. 368, 61 P.3d 780 (*Lewistown I*). The issue in the case currently before us arose from the same transaction as the issues in the previous case. A detailed factual background was presented in that case and will not be repeated here. Rather, we provide only those facts necessary to understand our ruling here.

¶4 The Moncurs previously owned all outstanding shares of Lewistown Propane, a Montana corporation (the corporation). In 1991, they sold their stock shares to the corporation and Gene Meier. The Sales Agreement provided that Meier and the corporation would pay a specified purchase price for the corporate shares (purchase price) and that the Moncurs would re-pay the corporation for a pre-existing debt (debt repayment). The payments of both the sellers and buyers were set up on an installment plan through an escrow agent, Realty Title Company. Upon receipt of a payment from the corporation, Realty Title would deduct from that payment the monthly installment repayment amount

owed to the corporation by the Moncurs. It would return this deducted amount to the corporation and Meier. This returned amount represented the Moncurs' debt repayment installment. The escrow company would then deliver the balance of the payment from the corporation to the Moncurs.

¶5     The relationship between the parties soured long before the fifteen-year installment plan expired and Lewistown Propane sought to pay the balance of the purchase price in a single payment. It made an offer to the Moncurs of an amount that represented the balance of the purchase price less the remaining debt repayment. The escrow agent rejected the offer. Shortly thereafter, in April 2000, the corporation sued for a declaratory judgment. This was followed by the Moncurs defaulting on two installment payments, at which time the corporation accelerated the balance of the repayment note. Lewistown Propane then tendered the full purchase price to the escrow agent. The escrow agent accepted the payment, deducted from it the balance owed by the Moncurs, and returned that amount to the corporation. It delivered the remaining payment from the corporation to the Moncurs. As a result, both the purchase price and the debt repayment were extinguished. Accordingly, in July 2000, the corporation moved to dismiss its declaratory judgment action.

¶6     The action was dismissed, but later reopened so that escrow agent Realty Title could deposit the escrow file with the court for a disposition of its contents. Once the matter was reopened, the dispute continued with, among other things, the Moncurs demanding a jury trial on their claim that the offset performed by Realty Title was improper. Ultimately, in November 2001, the Moncurs waived a jury trial and proposed that the court decide issues

3

regarding the validity of the offset. It was agreed by the parties that this decision would be made based on briefs and affidavits on file.

¶7 The District Court held a hearing on motions on November 20, 2001. The court subsequently issued its Order in January 2002, concluding that the offset was proper. It then granted attorney fees to Lewistown Propane and imposed sanctions against the Moncurs and their attorney for failing to answer discovery requests.

¶8 The Moncurs filed a Rule 60(b) Motion and Supporting Memorandum in February 2002 seeking relief from their waiver of jury trial, expungement of the District Court's January Order and Judgment, and an order rescheduling the case for trial by jury. Within two days, the District Court scheduled a hearing on the Rule 60(b) Motion for March 6, 2002. The Moncurs then requested that the scheduling order be vacated because their attorney would be unavailable and because their deadline for appealing the District Court Order would have expired by March 6. Nonetheless, the District Court rescheduled the hearing for March 29, 2002. The day after the court issued its re-scheduling order, the Moncurs filed a Notice of Appeal of the District Court's January Final Judgment; therefore, the hearing did not take place nor did the District Court judge issue any further rulings in the matter. The Moncurs claim that it was around this time that they learned that the escrow agent had received legal advice from the law firm with which Judge Phillips had practiced law prior to becoming the judge in this case. However, no mention of this attorney-client relationship was made in the Moncurs' brief to this Court in *Lewistown I*.

¶9 On appeal, we affirmed the District Court on all issues presented. *See Lewistown I*,

4

2002 MT 349, 313 Mont. 368, 61 P.3d 780. The Moncurs filed a Petition for Rehearing which was denied. After this decision in *Lewistown I* was issued, the Moncurs requested a hearing on their outstanding Rule 60(b) Motion before the District Court. The District Court denied the Rule 60(b) Motion, characterizing it as one "to disallow attorney's fees" and concluding that our decision in *Lewistown I* had upheld the award of attorney's fees. The court further concluded that the motion was not sustainable under the Montana Rules of Civil Procedure. It is from this Order that Moncurs now appeal.

## STANDARD OF REVIEW

¶10    We review a district court's denial of a Rule 60(b) motion for an abuse of discretion. *Fennessy v. Dorrington*, 2001 MT 204, ¶ 7, 306 Mont. 307, ¶ 7, 32 P.3d 1250, ¶ 7.

## DISCUSSION

¶11    The Moncurs claim that the District Court "committed plain error" when it denied their Rule 60(b) Motion. They present multiple theories for the error committed including, but not limited to, a denial of their constitutional right to a hearing, judicial impropriety, lack of judicial impartiality, and a pattern of judicial coverup. They fail, however, to address the basic problem which caused their motion to be denied--the District Court's lack of jurisdiction to rule on it once they had filed their Notice of Appeal.

¶12    The Moncurs correctly state that Rule 60(b), M.R.Civ.P., allows parties to seek relief from a final judgment for a variety of reasons, including mistake, newly discovered evidence, fraud and "any other reason justifying relief from the operation of the judgment." Rule 60(b)(6), M.R.Civ.P. However, a Rule 60(b) motion may only be granted, if appropriate,

5

by a court with jurisdiction. It is the law in Montana that once a Notice of Appeal is filed, the district court no longer has jurisdiction over the parties or the cause of action and cannot hear or rule on any pending motions. *Northern Plains, etc. v. Bd. of H. & Envir. Sciences* (1979), 184 Mont. 466, 603 P.2d 684. *See also Alpine Buffalo, Elk Ranch v. Andersen*, 2001 MT 307, 307 Mont. 509, 38 P.3d 815.

¶13 The Moncurs filed their Rule 60(b) Motion on February 22, 2002. Six days later, they filed their Notice of Appeal on March 1, 2002. Once this occurred, the District Court lost jurisdiction over the cause of action and any then-pending motions. Therefore, it was not an abuse of discretion for the District Court to subsequently deny the Moncurs' Rule 60(b) Motion following our decision in *Lewistown I*. *Northern Plains*, 184 Mont. 466, 603 P.2d 684. We note, however, that the District Court denied the motion on other grounds. We need not reach a determination of whether those grounds were adequate to support denial of the motion because, as we have held in several previous cases, we will affirm a District Court's ruling, even if the court reached the correct result for the wrong reason. *State v. S.T.M.*, 2003 MT 221, ¶ 15, 317 Mont. 159, ¶ 15, 75 P.3d 1257, ¶ 15.

¶14    The Moncurs further maintain that the District Court should have, *sua sponte*, offered them an extension of time in which to file their appeal, thereby allowing them to have the District Court rule on their 60(b) Motion before being compelled to appeal the Judgment. Seeking such an extension is the responsibility of the party desiring it--it is not the obligation of the court to provide it *sua sponte*.  Rule 5(c), M.R.App.P. expressly states:

> The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal **upon motion filed** not later than 30 days after the expiration of the time prescribed by Rule 5(a) for civil cases and Rule 5(b) for criminal cases. **Any such motion which is filed** before expiration of the prescribed time may be ex parte unless the court otherwise requires. Notice of **any such motion which is filed** after expiration of the prescribed time shall be given to the other parties in accordance with local rules. No such extension shall exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later. (emphasis added).

In sum, the Moncurs have stated no cognizable grounds to support their appeal.

¶15    In addition to asking that we affirm the District Court's denial of the Moncurs' Rule 60(b) Motion, Lewistown Propane requests that sanctions be imposed against the Moncurs for filing a frivolous appeal.  Rule 32, M.R.App.P., provides:

> If the supreme court is satisfied from the record and the presentation of the appeal in a civil case that the same was taken without substantial or reasonable grounds, such damages may be assessed on determination thereof as under the circumstances are deemed proper.

¶16    Our review of the record convinces us that sanctions are warranted in this case.  The Moncurs' Brief is less an appeal to revise a judgment based on supportable legal analysis and precedent than it is a personal attack on Judge Phillips.  The underlying legal issues in this case were raised, argued and ruled upon by the District Court in January 2002, and we

7

subsequently affirmed the District Court's Judgment. The Moncurs now return to this Court with nothing more than an unjustified vehement tirade against Judge Phillips. Their appeal is without merit or legal support.

¶17 Moreover, we conclude that the Moncurs' attorney, Robert Johnson, is responsible for the vexatious attack on Judge Phillips and the unreasonable lengthening of this proceeding, resulting in unnecessary costs to the parties, and the unnecessary consumption of the time of the District Court and this Court. Under § 37-61-421, MCA, "[a]n attorney or party to any court proceeding who, in the determination of the court, multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney fees reasonably incurred because of such conduct." We hold that Attorney Johnson shall be personally responsible for a $500 sanction as well as Lewistown Propane's attorney's fees expended in this appeal.

## CONCLUSION

¶18 For the foregoing reasons, we affirm the District Court's denial of the Moncurs' Rule 60(b) Motion and impose a sanction against counsel for Moncurs in the sum of $500. Rule 32, M.R.App.P. In addition, we remand to the District Court for a determination of the amount of attorney fees incurred by Lewistown Propane in this appeal, said fees to be paid personally by counsel for Moncurs, pursuant to § 37-61-421, MCA.

¶19    Affirmed and remanded.


                                                    /S/ PATRICIA COTTER

We Concur:

/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JIM REGNIER
/S/ JIM RICE