No. 03-801

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 346

IN THE MATTER OF P.D.L.,

    A Youth in Need of Care.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and for the County of Mineral, Cause No. DN99-21,
The Honorable Edward P. McLean, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

    Heather M. Latino, Paoli & Shea, P.C., Missoula, Montana

    For Respondent:

    Hon. Mike McGrath, Attorney General; Robert Stutz,
Assistant Attorney General, Helena, Montana

    Shaun Donovan, Mineral County Attorney, Superior, Montana

Submitted on Briefs:  June 8, 2004

Decided:  December 7, 2004

Filed:

_____
Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1  On December 11, 2000, the Fourth Judicial District Court, Mineral County, terminated the parental rights of P.S.  On May 30, 2003, P.S. filed a motion seeking relief from judgment pursuant to Rule 60(b), M.R.Civ.P., which was denied.  He appeals.  We affirm.

¶2  There is one issue in this appeal:  Whether the District Court properly denied P.S.'s motion for relief from judgment.

## BACKGROUND

¶3  P.D.L. is the youngest of six children born to P.N.  All six of P.N.'s children are in foster care in four different states.  P.S. is the father of P.N.'s four youngest children, including P.D.L.   P.S. and P.N. were both criminally charged by the State of Idaho for sexual abuse charges concerning P.N.'s children, but they eluded the legal system for several years by using numerous aliases and traveling to and camping out at a number of different locations.  P.D.L. was born while her parents were fugitives.

¶4  In April of 1999, P.N. was arrested for DUI after an accident in Mineral County.  The Department of Health and Human Services, Child of Family Services (CFS), was contacted and was granted Temporary Investigative Authority and an Order for Protective Services. P.D.L. was placed into foster care.

¶5  P.N. was extradited to Idaho where she entered a plea bargain to a reduced charge of Injury to a Child.  In June of 1999, P.S. was arrested in South Dakota, extradited to Idaho, tried and convicted of sexual abuse and sentenced to seventeen years in the Idaho

2

Department of Corrections.

¶6    CFS filed a Petition for Permanent Legal Custody and Termination of Parental Rights with Right to Consent to Adopt with the Fourth Judicial District Court, Mineral County. On October 28, 2000, the petition was served upon P.S. at the Idaho State Corrections Facility. P.S. acknowledged service in a letter to CFS dated November 8, 2000, wherein he refuted the validity of the petition. On December 11, 2000, following a hearing at which P.N. was present and P.S. was not, both P.N. and P.S.'s parental rights were terminated. The District Court found that P.S. had essentially abandoned P.D.L. as he had not developed a substantial relationship with P.D.L., had not provided support for P.D.L. for over a year, and was serving a lengthy incarceration for sexually abusing P.N.'s children. P.D.L. was subsequently adopted.

¶7    On May 30, 2003, over two years after his parental rights were terminated, P.S. filed a motion for relief from the termination order pursuant to Rule 60(b), M.R.Civ.P. On September 8, 2003, the District Court denied the motion. On September 29, 2003, P.S. filed a notice of appeal in this Court from the District Court's order denying his motion for relief. Along with such notice of appeal, P.S. filed an affidavit of indigency and a request that counsel be appointed to represent him. P.S.'s request to proceed *in forma pauperis* and for counsel were denied by the District Court. P.S. then filed an amended notice of appeal in this Court along with an affidavit of indigency and request for counsel, which we granted. On remand, the District Court appointed counsel for P.S. for purposes of this appeal.

STANDARD OF REVIEW

3

¶8    We review a district court's denial of a Rule 60(b) motion for abuse of discretion. *Lewistown Propane Co. v. Moncur*, 2003 MT 368, ¶ 10, 319 Mont. 105, ¶ 10, 82 P.3d 896, ¶ 10. Motions by *pro se* litigants for relief of judgment must be made within a reasonable time so as not to prejudice the other party. Rule 60(b), M.R.Civ.P.; *Greenup v. Russell*, 2000 MT 154, ¶ 15, 300 Mont. 136, ¶ 15, 3 P.3d 124, ¶ 15.

DISCUSSION

¶9    P.S. argues the District Court erred when it denied his motion for relief from judgment because his parental rights were terminated without providing him certain required due process protections. He claims he was not properly served with notice of the proceedings. He further claims he was not notified of his right to counsel or to have counsel appointed for him if he was indigent.

¶10   The State counters the District Court properly denied P.S.'s motion for relief from judgment because § 42-2-620, MCA, provides a finality rule for parental rights termination actions that prohibits this type of collateral attack on the termination order. The State argues P.S.'s delay of more than two years in filing his Rule 60(b) motion is unreasonable and prohibits consideration of his motion. The State further contends it was error for P.S. to not be notified of his right to counsel, but the error is harmless because P.S. was not prejudiced by the lack of notice. The State asserts P.S. need not have counsel appointed because of indigence since he never provided the court with any evidence of his indigence. The State also argues that although it may not have technically complied with all the rules governing service of process, the record indicates that actual service was accomplished.

4

¶11 The District Court held a hearing and subsequently denied P.S.'s motion because it lacked factual and legal foundation as the "record does not support P.S.'s lack of notice argument, as the CSED made numerous attempts to obtain information, particularly medical information, from [P.S.] and he failed to respond." We agree and affirm the District Court on all issues.

¶12 As a threshold matter we must address the application of § 42-2-620, MCA, to these proceedings. Section 42-2-620, MCA, provides:

> **Finality.** Subject to the disposition of a timely appeal, upon expiration of 6 months after an order terminating parental rights has been issued, the order may not be questioned by any person, in any manner, or upon any ground, including fraud, misrepresentation, failure to give any required notice, or lack of jurisdiction of the parties or the subject matter.

¶13 P. S. did not address this statute in his *pro se* Rule 60(b) motion even though it existed in current form both when the termination order was entered and when he filed his Rule 60(b) motion. Although we typically provide wide latitude to *pro se* litigants in their attempts to comply with the technicalities of pleadings, we have stated that all litigants, including those acting *pro se*, must adhere to our procedural rules. *Greenup*, ¶ 15. We further note that the District Court did not address § 42-2-620, MCA, in its order denying P.S.'s motion. This Court will affirm a district court even if it reached the right result for the wrong reason. *Lewistown Propane*, ¶ 13 (citation omitted).

¶14 The importance of § 42-2-620, MCA, to these proceedings is obvious. The statute attempts to provide finality to the termination of parental rights proceedings so that a child may be safely adopted without the threat of the adoption being set aside at some future date.

5

P.S., in his reply brief, argues that § 42-2-620, MCA, is unconstitutional. However, this argument was not raised in either his Rule 60(b) motion or his opening brief on appeal, therefore we decline to address the constitutionality issue. On the basis of § 42-2-620, MCA, we conclude the District Court properly denied the Rule 60(b) motion because it was untimely. P.S.'s parental rights were terminated on December 11, 2000. Six months later, pursuant to § 42-2-620, MCA, the order was immune to any collateral attacks. Here, P.S.'s motion was over two years late.

¶15 Nevertheless P.S. argues he was not provided proper notice of the termination proceeding because the service of process was faulty and he was thus denied the opportunity to defend his parental rights. He contends improper service undermines a court's jurisdiction and a judgment subsequently entered against a party who was not properly served is void. He relies upon Rule 60(b)(4), M.R.Civ.P., which states:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
>
> . . . .
>
> (4) the judgment is void . . . .

¶16 A review of the record does show that P.S. was provided with service on October 28, 2000, of the Petition for Permanent Legal Custody and Termination of Parental Rights with Right to Consent to Adopt filed with the Fourth Judicial District Court, Mineral County, while P.S. was at the Idaho State Corrections Facility. The Return of Service was filed with the Mineral County Clerk on November 6, 2000, and states:

6

I, R. Jones of the Idaho State Corrections facility certify that I personally served the Petition for Permanent Legal Custody & termination of Parental Rights with Right to Consent to Adopt and the Notice of Petition on [P.S.] this 28th day of October, 2000.

> Dated this 28th day of October, 2000.
> /S/ R. Jones

Further, the District Court received a faxed letter on November 8, 2000, designating it was from [P.S.], disputing the validity of the Petition and stating in part:

Your notice sent October 12th, 2000, received 10/28/2000, notice of hearing scheduled for 11/9/2000 or as soon thereafter as the county attorney, may be heard. This letter is to inform the court, for the record, of my concerns and wishes concerning my daughter [P.D.L.].

Your court does acknowledge me as the parent of this child. However further claims of this court I so dispute.

. . . .

Until I requested to be informed of these hearings, regarding my daughter [P.D.L.], the state of montana, mineral county, failed to notify me even though they apparently knew of my location. Additionally, they knew it was not possible maintain a substantial relationship with [P.D.L.], except through visits with her mother, and further it is not possible for me to contribute to her support this fact was also known by the court.

. . . .

In closing the intent of this letter is to notify the court for the record, I dispute the validity of this Petition.

¶17 P.S. now asserts he did not receive the petition, service was defective because an affidavit should have accompanied the Return of Service and he did not write the November 8, 2000, letter. We agree with the District Court that a fair reading of the entire record indicates P.S. was, at the very least, aware that termination proceedings were pending against him in the fall of 2000 and a hearing to terminate his parental rights was imminent. It is

7

important to remember that we are reviewing the timeliness of his Rule 60(b) motion. Regardless of any technical deviation from the requirements controlling service of process, it is unreasonable to wait more than two years after you are aware your parental rights are about to be terminated before seeking to assert such rights. In termination cases where subsequent adoption proceedings inevitably follow, the timeliness of filing such a motion is critical. For P.S. to wait more than two years is untimely as a matter of law.

¶18 P.S. further argues his parental rights were terminated without providing him certain required due process protections, such as to be notified of his right to counsel. A natural parent's right to the care and custody of a child is a fundamental liberty interest that requires the State to provide a fundamentally fair procedure at all stages in proceedings for the termination of parental rights. *Matter of A.F.-C.*, 2001 MT 283, ¶ 31, 307 Mont. 358, ¶ 31, 37 P.3d 724, ¶ 31. Fairness requires that a parent be represented by counsel at parental termination proceedings because without representation, a parent would not have an equal opportunity to present evidence and scrutinize the State's evidence. *Matter of A.S.A., J.L.A., G.A., and A.J.A.* (1993), 258 Mont. 194, 198, 852 P.2d 127, 129.

¶19 Although the District Court erred when not advising P.S. of his right to counsel, we agree with the State that, in this case, the error is harmless as the lack of notice is not prejudicial to P.S. As discussed above, P.S. was convicted of sexual abuse on a child, that of P.D.L.'s older half-sister, for which P.S. is currently serving a lengthy sentence, one that will extend past the time P.D.L. will reach majority, and this alone would be enough to have terminated his parental rights under §§ 42-2-608 and 41-3-609(2)(d), MCA. Even if P.S. had

been notified of his right to counsel, and counsel had presented testimony and other evidence, the outcome would have remained the same. The bottom line is there really is no way that an attorney would have made a difference under these circumstances and P.S. cannot demonstrate prejudice where no reasonable court would have preserved his parental rights under the facts of record.

¶20   P.S. also asserts he should have had counsel appointed because of his indigence. The due process clause at Art. 2, § 17, of the Montana Constitution also guarantees an indigent parent the right to court-appointed counsel in proceedings brought to terminate parental rights. *A.S.A.*, 258 Mont. at 198, 852 P.2d at 130. However, P.S. did not provide the court with any evidence of his indigence until the time of his motion and this appeal, therefore, we will not address this issue.

¶21   For all of the above reasons, we conclude the District Court did not abuse its discretion and properly denied P.S.'s motion for relief from judgment.

¶22   We affirm the judgment of the District Court.

/S/ JIM REGNIER

We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ JIM RICE