No. 05-645

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 5N

WES HIGGINS,

Plaintiff and Appellant,

v.

VORTEX FISHING SYSTEMS, INC.,
a Montana Corporation,

Defendant and Respondent.

APPEAL FROM:   The District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DV 2000-335A,
Honorable Stewart E. Stadler, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Patrick F. Flaherty, Attorney at Law, Great Falls, Montana

For Respondent:

Kenneth O' Brien, Attorney at Law, Kalispell, Montana

Submitted on Briefs:  August 3, 2006

Decided:  January 9, 2007

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Wes Higgins appeals from denial of his Motion for Relief from Judgment issued by the District Court on July 1, 2004. The District Court summarized Higgins's allegations in support of his Motion as follows: "It appears that the bases on which [Higgins] relies are his allegations that Ray L. Scott obtained majority control over Vortex Fishing Systems by fraudulent acts; that Scott embezzled monies, and other fraudulent actions." The District Court denied Higgins's Motion as untimely pursuant to M. R. Civ. P. 60(b), and because Higgins failed to file an independent action related to his claims that Vortex defrauded the court to obtain favorable rulings.

¶3 In its July 1, 2004, Order, the court noted that it had on June 18, 2002, entered summary judgment in favor of Higgins, and denied Vortex Fishing System's (Vortex) Motion to Reconsider. Despite the favorable ruling, "[w]ithout seeking leave [of the District] Court, and without complying with the Rules of the 11th Judicial District Court" Higgins and Vortex filed a stream of pleadings related to this case. Then, nearly two years later, the court "entered an order on April 2, 2004, in which it noted that summary judgment had been entered in favor of [Higgins]; and that the pleadings seemed to imply that neither counsel were aware of the entry of summary judgment." The court "directed counsel to submit a proposed judgment . . . [however,] no proposed judgment has been forthcoming."

¶4 In his appeal brief, Higgins reiterates the arguments made to the District Court, and contends that the court erred in several respects when it denied Higgins's stockholder inspection rights, agreed with the rulings of Judge Lympus in a related case, and denied his Motion as untimely and insufficient. This case is hopelessly mired in confusing pleadings and motions, and Higgins's brief on appeal only exacerbates the confusion. Although Higgins was granted summary judgment on some of his claims in 2002, he now complains that the District Court erred by declining in 2004 to consider other claims arising from orders and judgments entered in this and a related case that date back as far as 1998. Higgins concedes that "under MRCP 60 [*sic*] the Motion would be untimely" but contends his Motion "was timely" because "the District Court also has the inherent equity power to vacate judgments that have been obtained by fraud" citing *Selway v. Burns*, 150 Mont. 1, 429 P.2d 640 (1967).

¶5 We agree that a district court *may* set aside a judgment fraudulently obtained pursuant to M. R. Civ. P. 60(b) and our jurisprudence. However, the decision to do so is discretionary. We review a district court's denial of a motion for relief from judgment for an abuse of discretion. *In re Marriage of Markegard*, 2006 MT 111, ¶ 11, 332 Mont 187, ¶ 11, 136 P.3d 532, ¶ 11 (citation omitted).

¶6 Although it is not clear from his briefs, Higgins apparently wants this Court to review the District Court's denial of his motion under our "clearly erroneous" standard as he alleges several instances of error, but alleges no abuse of discretion by the court. That said, review of the Order denying Higgins's Motion, as well as review of the record in this case, supports our conclusion that the court did not abuse its discretion in denying Higgins's Motion. The District Court's Order clarified that summary judgment had been ordered in this case nearly two years prior at which time the claims raised in the Motion had been considered and ruled upon by the court.

Further, the District Court articulated the many ways in which Higgins's counsel failed to comply with the court's rules and failed to respond to the court's request for a proposed order for summary judgment. Finally, although Higgins has argued throughout this case that Vortex misrepresented material facts, we disagree with Higgins's position that this suit "was the independent action" required to properly raise his claim that Vortex perpetrated fraud on the District Court and in Judge Lympus's court to obtain the orders at issue here. Therefore, the District Court did not abuse its discretion in denying Higgins's requested relief.

¶7 We have decided this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that the appeal is without merit.

¶8 For the foregoing reasons, we affirm.

/S/ PATRICIA COTTER

We Concur:

/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ JIM RICE
/S/ BRIAN MORRIS