No. 05-646

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 33N

_____

RAY L. SCOTT,

        Plaintiff and Respondent,

   v.

WES C. HIGGINS,

        Defendant and Appellant.

_____

APPEAL FROM:    District Court of the Eleventh Judicial District,
                      In and for the County of Flathead, Cause No. DV-96-637A,
                      The Honorable Ted O. Lympus, Presiding Judge.


COUNSEL OF RECORD:

        For Appellant:

                Patrick F. Flaherty, Attorney at Law, Great Falls, Montana

        For Respondent:

                Kenneth E. O'Brien, Hash & O'Brien, Kalispell, Montana

_____

Submitted on Briefs:  December 20, 2006

Decided:  February 7, 2007

Filed:

_____
                               Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Pursuant to Section 1, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Defendant Wes Higgins appeals from denial of his Motion for Relief from Judgment issued July 2, 2004, by the Eleventh Judicial District, Flathead County. We affirm.

¶3 This appeal is the most recent step in protracted litigation encompassing numerous claims, cases, and courts. Indeed, this Court has recently upheld the denial of a Motion for Relief from Judgment made by Higgins in a related case. *See Higgins v. Vortex Fishing Systems, Inc.*, 2007 MT 5N.

¶4 In 1996, Scott sued Higgins seeking specific performance of a stock purchase agreement for stock in Vortex Fishing Systems, Inc. Higgins filed an answer enumerating certain affirmative defenses, including the allegation that Scott had fraudulently increased his ownership interest in Vortex. In 1998, the District Court ruled Scott was entitled to specific performance of the agreement and specifically found Scott had not fraudulently increased the number of his Vortex shares.

¶5 Almost six years after this ruling, Higgins filed a Motion for Relief from Judgment, pursuant to M. R. Civ. P. 60(b), specifically claiming he had proof that the

District Court's 1998 ruling in favor of Scott was based on fraudulent statements Scott had made to the court. The District Court denied this motion as untimely and Higgins appealed.

¶6 The District Court correctly determined that pursuant to M. R. Civ. P. 60(b), motions seeking relief from a judgment or order must be filed within a certain timeframe. In instances such as this, where a party seeks relief on the basis of fraud, the motion must be brought within 60 days. Here, Higgins brought his claim almost six years after the judgment. This is simply too late.

¶7 Moreover, as Higgins acknowledges, the decision to grant relief from a judgment is discretionary with the district court. We review the denial of a motion for relief of judgment under 60(b) for an abuse of discretion. *In re P.D.L.*, 2004 MT 346, ¶ 8, 324 Mont. 327, ¶ 8, 102 P.3d 1225, ¶ 8. Upon review of the record presented, we see no abuse of discretion in the District Court's refusal to grant Higgins' motion.

¶8 Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ BRIAN MORRIS

3