**PIOCHE MINES CONSOLIDATED, Inc. et al. v. FIDELITY–PHILADELPHIA TRUST CO. et al.**

No. 12865.

United States Court of Appeals Ninth Circuit.

Aug. 31, 1951.

Cooke & Cooke, Reno, Nev., Cornish & Cornish, Berkeley, Cal., Douglas A. Busey, Reno, Nev., for appellant Pioche Mines Co.

Francis T. Cornish, Berkeley, Cal., for appellant John Janney.

Springmeyer & Thompson, Reno, Nev., for appellant Richard K. Baker.

William Woodburn, William K. Woodburn and Wm. J. Forman, Reno, Nev., for appellee Fidelity-Philadelphia Trust Co.

Before DENMAN, Chief Judge, and HEALY and BONE, Circuit Judges.

DENMAN, Chief Judge.

This is a motion by the appellee, Fidelity-Philadelphia Trust Company, to dismiss an appeal by Pioche Mines Consolidated, Pioche Mines and others from a summary judgment of the district court entered on May 11, 1950 and directing the parties herein to perform a Settlement Agreement executed by them. That Agreement provided for a reorganization of the appellant corporations and another corporation into a single company and was intended by the

parties as a compromise of previous litigation between them.

Performance of this Agreement involves, among other things, the transfer of new income bonds by the appellants to the appellee in return for old debentures of the companies undergoing reorganization. It will also mean that the appellants must endeavor to sell for cash preference notes in the new company so that legal expenses of the reorganization may be paid.

■ The successful suitor under the summary judgment seeks to have a dismissal of this appeal on the ground that the district court has not disposed of matters in the original complaint and has therefore violated Rule 54(b), Federal Rules of Civil Procedure, 28 U.S.C.A.[1] We think no disposition of the original complaint was necessary. A supplemental complaint praying for enforcement of the Settlement Agreement was also filed; and the appellee prevailed on this claim. In it was merged by virtue of the Settlement Agreement the controversy represented by the original complaint and answer thereto. This merger of all matters between the parties in the supplemental complaint is no more in effect than an amendment of the original complaint. When judgment is rendered on an amended complaint, no dismissal of the original unamended complaint is necessary.

■ The appellee contends the order is not appealable because the district court has reserved power to make further orders in the case. Assuming that the other requirements of finality are met, a "reservation to make further orders does not mean orders inconsistent with the finality of the judgment." Johnson v. Wilson, 9 Cir., 118 F.2d 557, 558.

■ Furthermore, the order is appealable despite the reservation of power by the district court since the order requires the immediate disposition of property. Preference notes must be sold to finance the reorganization scheme provided for in the Settlement Agreement; and transfers of bonds between the parties must be made. This brings the case within the rule of Dean v. Nelson, 10 Wall. 158, 19 L.Ed. 926; cf. Forgay v. Conrad, 6 How. 201, 12 L.Ed. 404; Carondelet Canal & Nav. Co. v. Louisiana, 233 U.S. 362, 34 S.Ct. 627, 58 L.Ed. 1001; Radio Station WOW v. Johnson, 326 U.S. 120, 65 S.Ct. 1475, 89 L.Ed. 2092.

The motion to dismiss is denied.

1. "(b) Judgment Upon Multiple Claims. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims."