**PIOCHE MINES CONSOLIDATED, Inc., Pioche Mines Company and John Janney, Petitioners,**

v.

**Hon. Roger T. FOLEY, as Chief Judge of the United States District Court for the District of Nevada, and the United States District Court for the District of Nevada, Respondents.**

No. 15198.

United States Court of Appeals
Ninth Circuit.

Oct. 5, 1956.

Bradford Bosley, San Francisco, Cal., for petitioners.

William J. Forman, Reno, Nev., Thomas B. K. Ringe, J. Tyson Stokes, Philadelphia, Pa., Woodburn, Forman, Wedge, Blakey & Thompson, Reno, Nev., Morgan, Lewis & Bockius, Philadelphia, Pa., for intervenors Fidelity-Philadelphia Trust Co.

Before STEPHENS, HEALY, and BONE, Circuit Judges.

PER CURIAM.

Petitioners, hereafter generally referred to as Pioche, seek mandate to compel the respondent court and judge to dismiss an "amended supplemental complaint," which was filed by Fidelity (plaintiff below and intervener here) subsequent to our decisions and mandates on prior appeals in this case. The district judge refused to rule on Pioche's motion to dismiss the aforesaid amended supplemental complaint. Instead, he postponed action thereon until the time of trial.

Our opinions and orders on the prior appearances here of the controversy between Fidelity and Pioche are published in Pioche Mines Consolidated, Inc., v. Fidelity-Philadelphia Trust Co., 191 F. 2d 399; 202 F.2d 944; and 206 F.2d 336. For an adequate understanding of what the case is about it is essential that the reader consult those opinions and rulings.

In the earliest of them we held that the supplemental complaint there interposed was tantamount to an amendment of the original complaint, and that the original complaint became merged therein. Our second opinion ordered the dismissal of the supplemental complaint because of the absence of indispensable parties. No leave was given to join indispensable parties. Our mandate commanded that "proceedings be had in said cause, in conformity with the opinion and judgment of this court." Clearly, we intended that Fidelity file no more complaints, however, denominated, in this action.

A writ of mandate will issue directing respondent court and judge to dismiss the amended supplemental complaint.