**Hung Hy NGUYEN dba Mekong Market, Plaintiff-Appellee,**

v.

**UNITED STATES of America, Defendant-Appellant.**

**Raymond BERTRAND dba Ray's Groceries, Plaintiff-Appellee,**

v.

**UNITED STATES of America, Defendant-Appellant.**

Nos. 85–3783, 85–3784.

United States Court of Appeals, Ninth Circuit.

Submitted \* Jan. 31, 1986.

Decided July 1, 1986.

R.App.P. 34(a) and 9th Cir.R. 3(f).

Templeton, Biggs & Ericsson, Portland, Or., for plaintiff-appellee.

Al Daniel, Dept. of Justice, Washington, D.C., for defendant-appellant.

Before SKOPIL, CANBY, and BOO-CHEVER, Circuit Judges.

BOOCHEVER, Circuit Judge:

Our consideration of these appeals is limited to deciding the scope of our remands after prior appeals. We must determine whether the trial court, after remand, properly permitted amendment to the pleadings raising new issues.

The Department of Agriculture, Food and Nutrition Service (FNS) disqualified Raymond Bertrand and Hung Hy Nguyen for one year from participating in the Food Stamp Program because of violation of the Program's regulations. On appeal, the district court granted partial summary judgment for Bertrand and Nguyen and denied the government's motions for summary judgment, holding that the maximum penalty authorized was a thirty day disqualification. The government appealed to us and this panel held in Bertrand's case that

> imposition of a one year disqualification was not arbitrary or capricious [and] reverse[d] and remand[ed] for entry of summary judgment in favor of the government.

726 F.2d 518, 522 (9th Cir.1984). With respect to Nguyen, a different panel of this court ordered:

> the case is remanded to the district court for further consideration in light of *Bertrand v. United States*, 726 F.2d 518 (9th Cir.1984). Appellee's other challenges to the agency action may be presented to the district court on remand.

In *Bertrand*, on remand, the district court did not enter judgment in favor of the government. Instead, on June 22, 1984, it granted a motion by Bertrand, over the government's opposition, to amend his complaint to add two new claims—(1) that 7

Jonathan M. Hoffman, Joan L. Volpert, Stephanie L. Striffler, Martin, Bischoff,

C.F.R. § 278.6(e) is void for vagueness, and (2) that the agency could not rely upon FNS Instruction 744–9, which this court held was "a reasonable interpretation of the regulation," 726 F.2d at 521, because it was not published in the Federal Register. Bertrand claims that publication was required by the Freedom of Information Act, 5 U.S.C. § 552(a)(1)(D). The government opposed Bertrand's motion for leave to amend his complaint on the ground that it was contrary to this court's prior decision and mandate directing the district court to enter "summary judgment in favor of the government." 726 F.2d at 522.

Similarly, on remand in *Nguyen,* the district court, in a telephone conference, granted Nguyen leave to amend his complaint. Nguyen's amended complaint, filed on June 27, 1984, contained the same two new claims asserted by Bertrand that the regulation was void for vagueness and that the FNS Instruction could not be relied upon because it was not published in the Federal Register. Nguyen added a third new claim that the agency had disregarded a provision in FNS Instruction 744–9 that prior refusals to sell ineligible items be considered in determining the appropriate penalty.

On Nguyen's motion, the district court consolidated these two cases. On February 12, 1985, the district court granted Bertrand's and Nguyen's motion for summary judgment. The court reasoned that the agency could not rely upon the FNS Instruction to determine whether Bertrand and Nguyen had a policy of violating the regulations because the Instruction was not published in the Federal Register, as required by 5 U.S.C. § 552(a)(1)(D).

The government appeals from the judgment in both cases. In this opinion we consider only whether our mandate precluded the district court from granting Bertrand's and Nguyen's amendments. We hold that the mandates did not preclude amendment on remand, but do not address the merits of the appeal or the question of whether the trial court abused its discretion in granting leave to amend.

■ Absent a mandate which explicitly directs to the contrary, a district court upon remand can permit the plaintiff to "file additional pleadings, vary or expand the issues ...." *Rogers v. Hill,* 289 U.S. 582, 587–88, 53 S.Ct. 731, 734, 77 L.Ed. 1385 (1933). " 'While a mandate is controlling as to matters within its compass, on the remand a lower court is free as to other issues.' " *Quern v. Jordan,* 440 U.S. 332, 347 n. 18, 99 S.Ct. 1139, 1148 n. 18, 59 L.Ed.2d 358 (1979) (quoting *Sprague v. Ticonic National Bank,* 307 U.S. 161, 168, 59 S.Ct. 777, 781, 83 L.Ed. 1184 (1939)). Thus, although the mandate of an appellate court forecloses the lower court from reconsidering matters determined in the appellate court, it "leaves to the district court any issue not expressly or impliedly disposed of on appeal." *Stevens v. F/V Bonnie Doon,* 731 F.2d 1433, 1435 (9th Cir. 1984).

Contrary to the government's position, the holding in *Matter of Beverly Hills Bancorp,* 752 F.2d 1334 (9th Cir.1984), that "[a]lthough amendment of pleadings following remand may be permitted, such amendment cannot be inconsistent with the appellate court's mandate," does not bar the amendments sought in the district court. 752 F.2d at 1337. See *Guse v. J.C. Penney Co.,* 570 F.2d 679 (7th Cir.1978), 3 J. Moore, Federal Practice ¶ 15.11 at 15–114 to 15–115 (2d ed. 1985). The appellate court in *Beverly Hills Bancorp* reversed the trial court ruling which allowed amendment on remand because the prior appellate court mandate showed a clear intent not to allow amendment:

> Here, the Trustee specifically requested that we direct the bankruptcy court to allow him to amend his pleadings and we denied the petition. With our intent so clear, the Trustee was not entitled to amend his pleadings.

752 F.2d at 1337. Similarly, in *Pioche Mines Consolidated, Inc. v. Foley,* 237 F.2d 164 (9th Cir.1956), no amendment was allowed because the appellate court interpreted its previous decision ordering the

dismissal of a supplemental complaint as precluding all such amendments.

■ In this case, although we held that summary judgment should be entered for the government, the mandate did not expressly address the possibility of amendment, nor was there indication of a clear intent to deny amendment seeking to raise new issues not decided by the prior appeal. Absent a mandate explicitly or impliedly precluding amendment, the decision whether to allow leave to amend is within the trial court's discretion.

■ Rule 15(a) of the Federal Rules of Civil Procedure provides that "leave [to amend] shall be freely given." "[A]mendments under the second portion of subdivision (a) [of Rule 15] may be made at any stage of the litigation." 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1484 (1971). Granting leave to amend after summary judgment is thus allowed at the discretion of the trial court. *See United States v. Vorachek*, 563 F.2d 884 (8th Cir.1977) (in action to reduce to judgment federal income tax assessment, government was entitled to amend, even though district court had already granted motion for summary judgment, where taxpayers were not prejudiced by delay, and delay was not due to any bad faith or dilatory motive on part of government); *Union Planters National Leasing v. Woods*, 687 F.2d 117 (5th Cir.1982) (district court did not abuse discretion in refusing to allow an amendment to answer more than a year after suit had been filed, nearly two years after party seeking amendment was notified of default under terms of contract at issue, and after district court had granted summary judgment in favor of opposing party).

■ Despite the conclusion that our mandate did not prohibit possible amendments, the district court erred in *Bertrand* by failing to enter summary judgment for the government. Moreover, entry of summary judgment might have affected the court's decision to grant leave to amend. "[A] court ordinarily will be reluctant to allow leave to amend to a party against

whom summary judgment has been entered ...." C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2712 (2d ed. 1983). We note that

> Much of the value of summary judgment procedure in the cases for which it is appropriate ... would be dissipated if a party were free to rely on one theory in an attempt to defeat a motion for summary judgment and then, should that theory prove unsound, come back long thereafter and fight on the basis of some other theory.

*Freeman v. Continental Gin Co.*, 381 F.2d 459, 469–70 (5th Cir.1967). Thus, *Bertrand* is remanded for entry of summary judgment for the government in accordance with our prior mandate, and reconsideration of the motion to amend.

■ In *Nguyen* we did not specifically order entry of summary judgment for the government. We hold that our mandate was not violated because we allowed the "[a]ppellee's other challenges to the agency action [to] be presented to the district court on remand." The remand thus specifically authorized consideration of other claims that had been raised in the district court, but had not been decided. Those claims would still have been pending even if the court had entered summary judgment for the government on the claims previously appealed. In accordance with the authorities which we have discussed, the district court was free to consider a motion to amend. Because entry of summary judgment for the government was not ordered, it is unnecessary to remand for reconsideration of the order allowing amendment. *Nguyen*'s appeal should now be submitted to a panel for consideration.

*Bertrand* (No. 85–3784) remanded to the district court for entry of summary judgment for the government and reconsideration of the motion to amend; *Nguyen* (No. 85–3783) to be submitted to a merits panel.