No. 92-190

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

EDWARD B. STANFORD; BETH STANFORD;
NANCY H. STANFORD, Personal
Representative of the Estate of
Neal A. Stanford, Deceased; and
REAS MADSEN,

       Plaintiffs and Respondents,

  v.

ROSEBUD COUNTY, MONTANA, et al.,
including EARL M. CRANSTON and
RICHARD C. HOEFLE,

       Defendants and Respondents,

  and

BOYD KINCHELOE and MAVIS
KINCHELOE, husband and wife,

       Defendants and Appellants.

FILED

SEP 22 1992

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Sixteenth Judicial District,
In and for the County of Rosebud,
The Honorable Joe L. Hegel, Judge presiding.


COUNSEL OF RECORD:

    For Appellants:

        Robert C. Smith and John J. Cavan, Cavan, Smith,
Grubbs & Cavan, Billings, Montana

    For Respondents:

        James P. Healow, Sweeney & Healow, Billings, Montana
Joseph W. Sabol, Attorney at Law, Bozeman, Montana

              Submitted on Briefs:  August 20, 1992

                   Decided:  September 22, 1992

Filed:

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Appellants Boyd and Mavis Kincheloe appeal from an order of the Sixteenth Judicial District Court, Rosebud County, denying their Motion to Amend and Supplement their pleadings. We affirm.

The sole issue on appeal is whether the District Court abused its discretion in denying appellants' motion to amend their pleadings.

The facts in this case are set forth in our opinion in Stanford v. Rosebud County (1991), 251 Mont. 128, 822 P.2d 1074. Litigation over the disputed royalty interest began with an interpleader action in the federal district court in Billings, Montana, in 1978. On destruction of diversity jurisdiction, that action was removed to the Sixteenth Judicial District, Rosebud County where it subsequently was consolidated with this action by plaintiffs/respondents Stanford. The litigation has proceeded, albeit intermittently, since that time.

The procedural events relevant to the issue before us begin with the District Court's scheduling conference on March 21, 1989, at which the case was set for trial on January 9, 1990. After a subsequent hearing on various motions by the parties, the District Court entered an order which, in pertinent part, directed the parties to file a statement of their claims, "setting forth all right, title and interest they claim in and to the remaining 3.125% royalty interest." The parties' statements of claim were filed by September 18, 1989. Appellants claimed title to a 75% proportional share in the royalty interest based on their underlying mineral

2

interest.

Appellants subsequently moved for, and were granted, summary judgment on their claim. We reversed on appeal on December 16, 1991. After denial of appellants' petition for rehearing, the case remitted to the District Court on January 15, 1992.

Appellants moved to amend their pleadings on January 17, 1992, to add a new theory of recovery based on constructive trust. Respondents Hoefle and Cranston moved to join a real party in interest on February 3, 1992. The District Court granted respondents' motion on March 13, and denied appellants' motion on March 30, 1992.

Did the District Court abuse its discretion in denying appellants' motion to amend their pleadings?

The District Court denied leave to amend based on its 1989 order mandating statements of all claim, the length of time the case had been pending, and the lack of a showing of good cause why the claim appellants sought to assert was not raised prior to the summary judgment ruling. Appellants contend that the court abused its discretion.

Appellants rely on Rule 15, M.R.Civ.P., which requires that leave to amend be freely granted. They cite Village Bank v. Cloutier (1991), 249 Mont. 25, 813 P.2d 971, for the proposition that refusal to allow an amendment offered at an opportune time and necessary in the furtherance of justice is an abuse of discretion.

It is axiomatic that Rule 15, M.R.Civ.P., requires that leave to amend be freely given when justice so requires. Our cases in

3

support of liberality in allowing amendments are so numerous and well-settled as to require no recitation here. In the case before us, the significant fact is that appellants' motion was made _after_ this Court held that they had established no claim to title. Appellants' argument is that, even after judgment against them, they are entitled to amend under the liberality doctrine. Acceptance of this argument essentially would revise Rule 15 to _require_ leave to amend at _any_ time and remove all discretion from the district courts. Neither the Rule nor our cases support such a result.

In addition, while appellants correctly state the principles regarding liberality in allowing amendments to pleadings from _Cloutier_, they fail to take into account the facts of that case. In _Cloutier_, defendants moved to amend; for the most part, the amendments sought to redesignate as defenses matters originally pleaded as counterclaims. The district court did not rule on the motion. Some five months later, the district court entered summary judgment against defendants on the basis of their original pleading. We reversed, concluding that the court abused its discretion in refusing to permit amendments offered at an opportune time and resulting in little, if any, prejudice to plaintiff. _Cloutier_, 249 Mont. at 28, 813 P.2d at 973.

The facts before us differ significantly from those in _Cloutier_. In August, 1989, the District Court directed the parties to file statements of claim setting forth all right, title and interest to the disputed royalty. Appellants' statement of claim

4

did not assert the constructive trust theory they now seek to add. At no time prior to their motion for summary judgment did appellants seek leave to amend; instead, they successfully proceeded to summary judgment on their asserted claim in the District Court. Only after reversal of that judgment, based on a conclusion by this Court that appellants failed to demonstrate any claim to title whatsoever, did appellants attempt to assert--for the first time in this litigation which has been ongoing for nearly fourteen years--a claim based on a constructive trust theory. Under these facts, there is nothing "opportune" about the timing of appellants' motion for leave to amend.

Appellants also rely on other Montana cases which they assert support their entitlement to amend their pleadings: Priest v. Taylor (1987), 227 Mont. 370, 740 P.2d 648; White v. Lobdell (1984), 208 Mont. 295, 678 P.2d 637; Prentice Lumber Co. v. Hukill (1972), 161 Mont. 8, 504 P.2d 277. None of these cases involved an effort to amend pleadings after the party had lost on its original claim.

Appellants' final argument relates to the fact that the District Court allowed respondents Stanford to amend to add a real party in interest after our Stanford decision, while denying their motion to amend. We need note only briefly that the two situations are not analogous. Other differences aside, judgment has not been entered against the Stanfords on their claims.

Appellants have cited no authority for the proposition that, under Rule 15 and the liberality doctrine, they are entitled to

5

amend their pleadings when the motion to amend is made after judgment has been entered against them and that denial of such a motion constitutes an abuse of discretion. Indeed, both common sense and authority are to the contrary. The result contended for would allow seriatim assertion of claims. Under such a process, one of the important thrusts of the rules of civil and appellate procedure--that actions contain all related claims and parties in order that cases proceed in an orderly and expeditious manner to final judgment--would be completely undone. The detriment to parties litigant, as well as the burden such a process would place on Montana courts, cannot be overstated.

The Ninth Circuit Court of Appeals addressed these matters in Nguyen v. United States (9th Cir. 1986), 792 F.2d 1500. It cited C. Wright, A. Miller & M. Kane, Federal Practice and Procedure, § 2712 (2d ed. 1983) for the general rule that "a court ordinarily will be reluctant to allow leave to amend to a party against whom summary judgment has been entered. . . . " Nguyen, 792 F.2d at 1503. It went on to note that,

> [m]uch of the value of summary judgment procedure in the cases for which it is appropriate . . . would be dissipated if a party were free to rely on one theory in an attempt to defeat a motion for summary judgment and then, should that theory prove unsound, come back long thereafter and fight on the basis of some other theory.

Id., citing Freeman v. Continental Gin Co. (5th Cir. 1967), 381 F.2d 459, 469-70. We agree with the Ninth Circuit's reasoning. We conclude that the rationale is equally applicable to the reverse situation before us, involving a party affirmatively moving for summary judgment on its pleaded theory of the case and then,

6

ultimately having been unsuccessful, seeking to inject a new theory of recovery via a post-judgment motion to amend pleadings. Indeed, faced with this precise situation, the Fifth Circuit Court of Appeals cogently summarized as follows:

> A busy district court need not allow itself to be imposed upon by the presentation of theories seriatim. Liberality in amendment is important to assure a party a fair opportunity to present his claims and defenses, but "equal attention should be given to the proposition that there must be an end finally to a particular litigation."

Freeman, 381 F.2d at 469 (citation omitted).

Under the facts before it, the District Court exercised its discretion to deny appellants' motion to amend their pleadings based on the time at which the motion was made and the lack of a showing of good cause why the claim appellants sought to assert was not raised prior to the summary judgment ruling. We hold that the District Court did not abuse its discretion.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

7