In re: Kenneth W. PARKER, Debtor.

Port W. Parker; Ella M. Parker, Appellants,

v.

Sedona Golf Resort, L.C., an Arizona limited liability company; Ridge at Sedona Association of Homeowners, Inc., an Arizona nonprofit corporation, Appellees.

No. 99–16926.

D.C. No. CV–99–00084–SMM.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 15, 2001.[1]

Decided March 28, 2001.

Before GOODWIN, HUG, and W. FLETCHER, Circuit Judges.

MEMORANDUM [2]

The Parkers appeal the district court's dismissal due to lack of jurisdiction. The district court held it lacked jurisdiction because the case was not final. We also lack jurisdiction. The parties are familiar with the factual and procedural history of

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

the case; therefore, we will not recount it here.

 The Parkers contend that because a central remaining issue was decided on an earlier appeal, not only should the bankruptcy court have granted the Parkers' request for entry of judgment, but when the bankruptcy court refused, the district court should have heard the appeal because it involved a single issue that had been finally decided. However, when rejecting the Parkers' motion for entry of judgment, the bankruptcy court made clear there was not a final judgment because other issues remained, including a claim based on "estoppel by deed." After the district court decided one issue and remanded the case to the bankruptcy court, the bankruptcy court was free to conclude that other issues remained to be decided. *Nguyen v. United States,* 792 F.2d 1500, 1502 (9th Cir.1986) (holding that when an appellate court remands a case, the lower court is free to consider other matters not "expressly or impliedly disposed of on appeal").

 The earlier district court decision involved a reversal and a remand to the bankruptcy court for further proceedings. The factors to be considered when determining whether a district court's remand is a final decision under 28 U.S.C. § 158(d) are: "(1) the need to avoid piecemeal litigation; (2) judicial efficiency, (3) the systemic interest in preserving the bankruptcy court's role as the finder of fact; and (4) whether delaying review would cause either party irreparable harm." *In re Lakeshore Village Resort, Ltd.,* 81 F.3d 103, 106 (9th Cir.1996). There is a need to avoid piecemeal litigation, as the bankruptcy court explained that other issues still remained to be decided. Judicial efficiency will be fostered if all remaining issues are decided in the bankruptcy court, and delaying review will not cause either party

"irreparable harm" as they can continue to litigate remaining issues.

 The bankruptcy court's refusal to grant the Parkers' judgment in their favor was not a final order. In bankruptcy court rulings, a "final" judgment is one that "(1) finally determines the discrete issue to which it is addressed," and "(2) resolves and seriously affects substantive rights." *Dukor Spradling & Metger v. Baum Trust (In re PRTC, Inc.),* 177 F.3d 774, 780 (9th Cir.1999). The bankruptcy court's decision was therefore not final.

DISMISSED.