No. 03-664

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 217

RAYMOND M. GEIL and HELEN E. GEIL-HOEG,

   Petitioners and Respondents,

  v.

MISSOULA IRRIGATION DISTRICT,

   Respondent and Appellant.

APPEAL FROM:  District Court of the Fourth Judicial District,
       In and for the County of Missoula, Cause No. DV 97-8751-10,
       The Hon. Ed McLean, Hon. John S. Henson, Hon. John W. Larson, Hon.
       Douglas Harkin, Judges presiding.

COUNSEL OF RECORD:

   For Appellant:

     Richard R. Buley, Tipp & Buley, Missoula, Montana

   For Respondent Davis O. Clapp:

     Patrick G. Frank, Worden, Thane, P.C., Missoula, Montana

           Submitted on Briefs: January 21, 2004

             Decided: August 17, 2004

Filed:

          _____
              Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1      The Missoula Irrigation District (MID) appeals from the Notice of Entry of a Decree Granting Exclusion from the MID for numerous Petitioners entered by the Fourth Judicial District Court.  We affirm in part and reverse in part.  MID raises the following issues on appeal:

¶2      1.  Did the District Court deny MID due process by making findings of fact without hearing and without evidence in the record?

¶3      2.  Did the District Court have any authority to order MID to reimburse taxes paid without protest by Petitioners?

¶4      3.  Did the District Court abuse its discretion when it denied MID's motion to amend its response?

BACKGROUND

¶5      From 1997 to December 31, 1998, over 500 parties, the Respondents, petitioned for exclusion of their land from the MID pursuant to § 85-7-1846, MCA (1997).  The District Court consolidated all the petitions for purposes of determining the issues of law and developing a procedure to dispose of each petition.  In 2002, this Court considered several issues between these parties in *Geil v. Missoula Irr. Dist.*, 2002 MT 269, 312 Mont. 320, 59 P.3d 398 (hereinafter referred to as *Geil I*).  The District Court maintained the same caption, and this appeal addresses certain other remaining landowners, including Respondent Davis O. Clapp.  The issues in the case currently before us arose from the same transaction as the issues in *Geil I*.  This Court presented a detailed factual background in that case and will not

be repeated here. Rather, we provide only those facts necessary to understand our ruling here.

¶6    In 1997, the Montana legislature passed Senate Bill 284, which essentially provided, temporarily, a less stringent process for a landowner holding title to land within an irrigation district to petition for exclusion of the tract from the district. The MID challenged the constitutionality of the bill based upon equal protection and denial of procedural due process, and in *Geil I*, we held that such legislation was constitutional. *See Geil I*, ¶¶ 33-64.

¶7    On February 25, 2003, the MID filed a motion to amend its response to the numerous petitions. On June 17, 2003, the District Court issued an Order denying MID's motion. In their petitions, Respondents did not request reimbursement of taxes or assessments. Based upon the doctrine of finality of judgments, undue delay and prejudice to the Petitioners, the District Court denied MID's motion to amend. Yet, in granting its Decree of Exclusion, the court provided the MID with a comment period in which the MID had the opportunity to provide specific factual issues supporting its objection to the exclusion of identified land tracts. If the MID could provide such evidence, the court provided a hearing date for presentation of arguments. The MID submitted a response, however, the court determined that it had not provided any new information therefore, on July 16, 2003, it issued a Decree Granting Exclusion from the MID and Order Appointing Standing Master for Purpose of Hearing.

¶8    On July 29, 2003, and August 26, 2003, a hearing was held before the Standing Master to determine the status of excluding numerous properties from MID. On August 26,

3

2003, the court finalized the June 17, 2003, Order Concerning Decree Granting Exclusion From the MID. The MID appeals from the District Court's Order Concerning Decree Granting Exclusion From the MID and denial of its motion to amend.

## STANDARD OF REVIEW

¶9 In reviewing a district court's conclusion of law, our standard of review is plenary and this Court must determine whether its interpretation of the law is correct. *Dukes v. Sirius Const., Inc.*, 2003 MT 152, ¶ 11, 316 Mont. 226, ¶ 11, 73 P.3d 781, ¶ 11. We review a district court's denial of a motion to amend the pleadings to determine whether the district court abused its discretion. *Loomis v. Luraski*, 2001 MT 223, ¶ 24, 306 Mont. 478, ¶ 24, 36 P.3d 862, ¶ 24.

## DISCUSSION

## ISSUE ONE

¶10 Did the District Court deny MID due process by making findings of fact without hearing and without evidence in the record?

¶11 In arguing that the court impermissibly denied it due process, the MID claims that the District Court made factual determinations without notice, in secret and without the MID having an opportunity to be involved in the decision making process. MID again raises the claim that the statutes considered in *Geil I* are, on their face, unconstitutional and the procedure that the District Court followed denied it of an opportunity to be heard at a meaningful time, in a meaningful manner.

¶12 Article II, Section 17 of the Montana Constitution, the due process clause, provides

4

that "[n]o person shall be deprived of life, liberty, or property without due process of law." This Court said in *Geil I* that §§ 85-7-1802(2) and -1846, MCA (1997), satisfied due process and were constitutionally valid because they satisfy the notice and hearing requirements of due process. *See Geil I*, ¶¶ 59-63. Furthermore, we stated that § 85-7-1846, MCA (1997), comports with the fundamental due process requirement of opportunity to be heard at a meaningful time and in a meaningful manner, because a district court *may* hold a hearing if necessary, but it is not required to, in order to resolve the facts of the petition. *See Geil I*, ¶ 63.

¶13    However, MID neglects to cite to any legal authority and merely states its claims, failing to follow with any legal argument or analysis. It also neglects to illustrate how the process in which the District Court disposed of the petitions denied it an opportunity to be heard at a meaningful time in a meaningful manner. In fact, according to the record, it ignored the opportunity to introduce new information three times: (1) the fifteen day period in which the court gave MID to provide specific factual issues supporting its objections and subsequent opportunity for hearing on July 29, 2003, if it did so; (2) the hearing held on July 29, 2003, in front of the Standing Master; and (3) the hearing held on August 26, 2003, in front of the Standing Master. Furthermore, the MID fails to provide any analysis as to what process was due in this case. Finally, the MID states that in entering its Order, the District Court "apparently got together, without notice, and in secret" and disposed of the case, but this is mere conjecture, and the Respondents and this Court are left to guess what it means.

¶14    The appellant carries the burden of establishing error by the trial court, and Rule

5

23(a)(4), M.R.App.P., requires the appellant to cite authority that supports the position being advanced on appeal. *Small v. Good* (1997), 284 Mont. 159, 163, 943 P.2d 1258, 1260. As we said in *Geil I*, the statutes do not require a hearing, and the MID fails to establish how the process enacted by the District Court in this case deprived it of due process. As a result of MID's lack of offering of a discernable argument or legal support for its claim that it was denied due process violative of its state constitutional rights, we decline to further address the issue.

## ISSUE TWO

¶15 Did the District Court have any authority to order MID to reimburse taxes paid without protest by Petitioners?

¶16 In its July 16, 2003, Decree, the District Court ordered that back taxes shall be reimbursed to the Petitioners as of the date they filed their petitions. The MID objected to such order on the bases that: the District Court lacked authority to order a refund of taxes; the relief available did not include refund of taxes, only exclusion from the MID as dictated by statute; the statutes did not establish a protest fund; and none of the petitioners argued that the assessments made in this case were unlawful in any manner. Furthermore, the MID points out that taxes assessed applied to administrative costs, maintenance and repairs to the irrigation facility.

¶17 Conversely, Respondents maintain that the court correctly exercised its equitable power by awarding back taxes to the Petitioners, and pursuant to *Maddox v. Norman* (1983), 206 Mont. 1, 13-14, 669 P.2d 230, 237, it asserts that a district court has the power to render

6

justice between parties. Based upon the fact that Petitioners have paid taxes for at least six years during these proceedings, they contend it is equitable to reimburse such taxes.

¶18 We have carefully reviewed the record and have considered, but are unpersuaded by, the various arguments raised by the Respondents. Absent explicit authorization from the legislature, we conclude that the judiciary has no power to refund taxes paid without protest. Tax refunds are a matter of legislative discretion. Therefore, we conclude that the District Court abused its discretion when it ordered MID to refund paid taxes from excluded tracts of land. Thus, we reverse the District Court on this matter.

ISSUE THREE

¶19 Did the District Court abuse its discretion when it denied MID's motion to amend its response?

¶20 The MID claims that the District Court abused its discretion when it denied its motion to amend based upon *Stanford v. Rosebud County* (1992), 254 Mont. 474, 839 P.2d 93, because it is distinguishable from the case at hand. For instance, it maintains that the District Court did not make any pretrial orders mandating that all the parties set forth all claims and defenses, whereas in *Stanford*, the court had clearly mandated a statement of all claims at the outset of the litigation. Furthermore, MID argues that the amended petition raised no new factual issues, rather, it raised a constitutional defense to the filed petitions. Finally, the MID states that its claim cannot be barred by *res judicata* because it did not raise the constitutional issue previously.

¶21 The Respondents again highlight the length of this proceeding, and suggest that the

7

MID brought this new constitutional argument only after the dissent in *Geil I* brought it to their attention. *See Geil I*, ¶¶ 72-91 (Trieweiler, J., dissenting). They further state that pursuant to Rule 15, M.R.Civ.P., the District Court has the discretion to deny amendments when justice so requires. The Respondents allege that the MID had numerous opportunities to amend its pleadings in the earlier stages of the present litigation. Furthermore, two cases of the 500 have already progressed to final judgment, and Respondents contend that to allow an amendment may treat remaining parties differently. To address the MID's *res judicata* argument, Respondents cite to MID's supplemental brief dated October 4, 1999, whereby Respondents claim that the MID raised its constitutional issue.

¶22 We agree with the Respondents. While Rule 15, M.R.Civ.P., requires that a district court grant leave to file amendments to pleadings freely in accordance with the liberality doctrine, it is within the discretion of a district court to also deny such motions to amend pleadings "when justice so requires." *Stanford*, 254 Mont. at 476, 839 P.2d at 94. This Court will uphold a district court's denial of a motion to amend the pleadings absent an abuse of discretion. Here, the numerous petitioners filed their claims by the statutory deadline of December 1998. The MID responded and numerous years of litigation ensued. This Court ruled on MID's original appeal in 2002. Only after this Court decided *Geil I* and Justice Trieweiler wrote his dissent did this constitutional claim occur to the MID. The MID does not cite to any case law to support its assertion that under Rule 15, M.R.Civ.P., and the liberality doctrine it is entitled to amend its pleadings. We are unpersuaded by its arguments. Therefore, we conclude that the District Court did not abuse its discretion when it denied the

8

MID's motion to amend.  We affirm.

¶23    To summarize, we affirm Issues One and Three and reverse the District Court's

determination as to Issue Two.

/S/ JIM REGNIER

We Concur:

/S/ JIM RICE
/S/ JOHN WARNER
/S/ PATRICIA O. COTTER
/S/ JAMES C. NELSON