No. 04-147

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 369

GEORGE B. LARANGO and MARY LOUISE LARANGO,

        Petitioners and Respondents,

   v.

MISSOULA IRRIGATION DISTRICT,

        Respondent and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
                  In and For the County of Missoula, Cause No. DV-97-8751-56
                  Honorable Douglas G. Harkin, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Richard R. Buley; Tipp & Buley, Missoula, Montana

        For Respondents:

        (No Respondents' Brief filed)

                Submitted on Briefs:  November 30, 2004

                        Decided:  December 21, 2004

Filed:

             _____
                           Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1      The Fourth Judicial District Court, Missoula County, granted the petition of George B. Larango to exclude certain properties from the Missoula Irrigation District. The Missoula Irrigation District appeals. We reverse.

¶2      The dispositive issue is whether the District Court had jurisdiction to enter its order granting Larango's petition.

## BACKGROUND

¶3       On October 2, 1997, George B. Larango and Mary Louise Larango petitioned, pursuant to § 85-7-1846, MCA (1997), to exclude certain property they owned in Missoula, Montana, from the Missoula Irrigation District (MID). The District Court granted the Larangos' petition on July 16, 2003, in an order which also excluded numerous pieces of property owned by other persons. Notice of entry of judgment was filed on August 25, 2003, and the MID appealed the same day. We issued our decision in that appeal, captioned *Geil v. Missoula Irrigation Dist.*, 2004 MT 217, 322 Mont. 388, 96 P.3d 1127, on August 17, 2004.

¶4      While the appeal was pending, George Larango petitioned to have four additional properties owned by him excluded from the MID. That petition--filed on November 19, 2003--was filed as document number 4 in the file with the Larangos' previous petition for exclusion. The District Court granted Larango's petition to exclude the additional properties

2

on December 23, 2003, and had its order filed in the Larangos' earlier file.  The MID appeals.

## DISCUSSION

¶5    Did the District Court have jurisdiction to enter its order?

¶6    The MID asserts that the District Court lacked jurisdiction to enter its December 23, 2003, order for two reasons.  We address them in turn.

¶7    The MID first contends that because the District Court's July 16, 2003 order excluding numerous pieces of property--including one owned by the Larangos--was pending on appeal, the District Court did not have jurisdiction to address Larango's subsequent petition.  We agree.

¶8    After a case is appealed from a district court to this Court, the district court loses jurisdiction to act. *Lewistown Propane Co. v. Moncur*, 2003 MT 368, ¶ 12, 319 Mont. 105, ¶ 12, 82 P.3d 896, ¶ 12.   The MID had appealed *Geil* to this Court approximately four months before the District Court order in the present case, and that appeal remained pending in this Court.  We conclude that the District Court did not have jurisdiction in the interim to entertain Larango's petition or to exclude additional properties from the MID.

¶9    The MID also argues that, by statute, the District Court lacked jurisdiction over Larango's petition.  Section 85-7-1846, MCA (1997), which authorized and controlled this particular petition process, terminated on December 31, 1998.  Because Larango filed his second petition on November 19, 2003, almost five years after the statutory process for filing

a petition had terminated, we conclude the District Court did not have jurisdiction to entertain it.

¶10     Reversed.

/S/ KARLA M. GRAY

We concur:

/S/ PATRICIA O. COTTER
/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ JIM RICE