Thomas DURANTE; James Curley; Curtis Parker; Joseph Edwards, on behalf of themselves and all others similarly situated, Plaintiffs—Appellants,

v.

QUALCOMM, INC., Defendant—Appellee.

No. 03–56255.

United States Court of Appeals, Ninth Circuit.

Argued & Submitted June 22, 2005.

Decided Aug. 1, 2005.

Douglas Hatchimonji, Christopher P. Ridout, Esq., Barry I. Goldman, David A.

Rosen, Esq., Rose, Klein & Marias, Los Angeles, CA, Charles Bleiler, Diane E. Bond, San Diego, CA, for Plaintiffs–Appellants.

Michael C. Sullivan, Esq., Paul Plevin Sullivan & Connaughton, William B. Sailer, Esq., Qualcomm Incorporated, Robert W. Bell, Jr., Esq., Heller Ehrman LLP, San Diego, CA, for Defendant–Appellee.

Before: LEAVY, GRABER, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Plaintiffs appeal the district court's grant of summary judgment in favor of their former employer, Qualcomm, Inc. ("Qualcomm"), in their action alleging age discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 623–634 ("ADEA"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court. We conclude that the district court did not err when it rejected plaintiffs' challenge to the subjective nature as a whole of Qualcomm's employee termination decisions.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs are former employees of Qualcomm, a corporation engaged in the business of developing advanced communication systems and products based on digital wireless technologies. In February 1999, Qualcomm conducted a company-wide reduction in force ("RIF") which resulted in plaintiffs' terminations. At the time of the RIF, Qualcomm was organized into six different business divisions, employing over 8,000 people. Each business division was organized into different departments, numbering over 700 departments in total. Of the approximately 465 Qualcomm employees who were terminated, approximately 190 employees, or 41 percent, were age forty or older.

Plaintiffs filed an action in the California Superior Court alleging, among other claims, disparate impact age discrimination in violation of the ADEA. The action was removed to the federal district court based upon federal question jurisdiction. Qualcomm prevailed on its motion for partial summary judgment on plaintiffs' state law claims, leaving only the plaintiffs' disparate impact ADEA claim.

The district court initially granted summary judgment to Qualcomm after finding that plaintiffs were challenging the RIF as a whole, and that plaintiffs had not satisfied *Wards Cove Packing Co. v. Atonio,* 490 U.S. 642, 109 S.Ct. 2115, 104 L.Ed.2d 733 (1989), by identifying the specific employment practice they were challenging. Plaintiffs moved for reconsideration of that decision, arguing that they had new evidence obtained in discovery. That evidence consisted of Qualcomm's use of a "ranking spreadsheet" as the basis of the selection criteria of the employees to be terminated. The district court granted plaintiffs' motion for reconsideration and the parties conducted discovery to determine whether Qualcomm's use of the ranking spreadsheet in the RIF process caused a disparate impact on employees protected by the ADEA.

Qualcomm moved for summary judgment on all plaintiffs' disparate impact claims, arguing that the ranking spread-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

sheet did not determine the ultimate layoff decisions and that plaintiffs were selected for layoff for legitimate business reasons as determined by the needs of the various divisions within Qualcomm. Plaintiffs did not dispute that the ranking spreadsheet was not used in making the ultimate layoff decisions. Instead, plaintiffs argued that they had established a prima facie case of disparate impact because the RIF as a whole was an undisciplined and subjective employment practice.

The district court granted Qualcomm's summary judgment motion on all plaintiffs' disparate impact claims. The district court stated:

Plaintiffs may not avoid summary adjudication at this very late stage in the litigation by advancing a new theory of their disparate impact case. Moreover, Plaintiffs have not demonstrated that the decision of whom to layoff was, as they argue, a matter left entirely to the subjective judgment of the decision-makers. As is set forth above, Qualcomm has presented evidence that the different departments, with guidance from Human Resources, used different methods for determining which employees would be laid off in the RIF to satisfy the business needs of each department. Plaintiffs point to the lack of absolute uniformity as satisfying their new theory that the decision-makers were entirely subjective when deciding whom to layoff, but they do not account for the use of objective criteria and methods within each department.

(Citations omitted).

Plaintiffs filed the present appeal, arguing that the district court erred because it failed to consider plaintiffs' challenge to the subjective nature of the RIF process as a whole.[1] We review de novo. *Rose v. Wells Fargo & Co.*, 902 F.2d 1417, 1420 (9th Cir.1990).

## ANALYSIS

To establish a prima facie case of disparate impact age discrimination, the plaintiff must: (1) identify the specific employment practices or selection criteria being challenged; (2) show disparate impact; and (3) prove causation. *Rose*, 902 F.2d at 1424. Once the plaintiff establishes a prima facie case of disparate impact, the burden shifts to the defendant who may discredit the plaintiff's statistical evidence, proffer statistics of his own which show that no disparity exists, or produce evidence that its disparate employment practices are based on legitimate business reasons. *See id.; see also Pottenger v. Potlatch Corp.*, 329 F.3d 740, 749 (9th Cir. 2003) (summary judgment is appropriate when statistics do not support a disparate impact analysis).

### A. The District Court's Refusal to Consider Plaintiffs' Theory

■ The district court was within its discretion to decline to permit plaintiffs to challenge the RIF as a whole because the plaintiffs presented their theory of "solely subjective decisionmaking" after the close of discovery. *See Nguyen v. United States*, 792 F.2d 1500, 1503 (9th Cir.1986) (" 'Much of the value of summary judgment procedure in the cases for which it is appropriate ... would be dissipated if a party were free to rely on one theory in an attempt to defeat a motion for summary judgment and then, should that theory prove unsound, come back long thereafter and fight on the basis of some other theo-

[1]. Plaintiffs also argue that the district court erred in denying two motions for discovery. We have reviewed these arguments and conclude that the district court did not abuse its discretion in denying the motions.

ry.' " (quoting *Freeman v. Continental Gin Co.,* 381 F.2d 459, 469–70 (5th Cir.1967))). The record discloses that the district court first determined that plaintiffs could not establish their prima facie case by challenging the RIF as a whole, and that the plaintiffs were required to identify a specific employment practice. Plaintiffs' extensive discovery focused upon the use of the ranking spreadsheet process. Having focused upon Qualcomm's use of the ranking spreadsheets in the 50,000 pages of produced documents and over 100 depositions, plaintiffs are not entitled to offer a new theory of liability after discovery has ended. Although plaintiffs' complaint alleging a disparate impact ADEA claim did not require formal amendment to encompass the new theory of disparate impact liability based upon the "solely subjective" nature of the RIF, the district court retains discretion to reject a new legal theory when it would require extensive new discovery, cause undue prejudice, or likely be futile in any event. *Cf. Wood v. Santa Barbara Chamber of Commerce, Inc.,* 705 F.2d 1515, 1520 (9th Cir.1983) (denial of motion for leave to amend complaint was within the trial court's discretion when the amendment would have changed the legal theory and would likely be futile on the merits).

Notwithstanding the district court's permissible discretion to decline consideration of plaintiffs' new theory after the close of discovery, the district court made the further determinations that, in any event, Qualcomm had presented undisputed evidence that the termination decisions were made (1) using both subjective and objective criteria, and (2) to satisfy the business needs of each department. Plaintiffs have not established that the district court's determinations were erroneous.

### B. *Solely Subjective Decisionmaking*

■ As a general rule, "Plaintiffs generally cannot attack an overall decision-making process in the disparate impact context, but must instead identify the particular element or practice within the process that causes an adverse impact." *Stout v. Potter,* 276 F.3d 1118, 1124 (9th Cir.2002) (citing *Wards Cove,* 490 U.S. at 656–57, 109 S.Ct. 2115). However, an overall decisionmaking process may be subject to a disparate impact challenge if the employer utilizes an "undisciplined system of subjective decisionmaking." *Watson v. Fort Worth Bank & Trust,* 487 U.S. 977, 990, 108 S.Ct. 2777, 101 L.Ed.2d 827 (1988). In *Rose,* we held: "Accordingly, as in *Watson,* Wells Fargo's policy of committing employment decisions to the subjective discretion of its managers is a specific employment practice subject to a disparate impact analysis." *Rose,* 902 F.2d at 1424–25.

Plaintiffs argue: "Where, as here, an employer uses solely subjective criteria in the absence of standardized rules or tests, [this court has] permitted plaintiffs to base their disparate impact claims on the decision making process as a whole." This argument is inapplicable to the record in this case. The record, which includes affidavits from 95 Qualcomm managers, discloses that Qualcomm circulated guidelines for the layoff selections, many of which included objective criteria, including recommending the layoff of employees whose projects were eliminated and utilizing past performance review scores. Therefore, plaintiffs' argument that the employer used "solely subjective criteria" is not supported by the record. The district court correctly noted that plaintiffs "do not account for the use of objective criteria and methods" in the termination decisions.

When an employer combines subjective and objective criteria, the plaintiff is required to isolate and identify the specific

offending employment practice. *See Wards Cove,* 490 U.S. at 657, 109 S.Ct. 2115; *Watson,* 487 U.S. at 994, 108 S.Ct. 2777. In *Smith v. City of Jackson,* — U.S. —, —, 125 S.Ct. 1536, 1545, 161 L.Ed.2d 410 (2005), the Supreme Court recently reaffirmed the requirement that a plaintiff identify a specific employment practice allegedly responsible for statistical disparities in order to survive summary judgment in a disparate impact age discrimination case.

Because plaintiffs failed to present evidence that Qualcomm's termination decisions were solely a matter of subjective discretion, and because plaintiffs failed to otherwise identify a specific employment practice, plaintiffs failed to satisfy the elements of a prima facie case of disparate impact age discrimination.

## C. *Business Needs as a "Reasonable Factor Other Than Age"*

■ Even assuming that plaintiffs established a prima facie case of disparate impact age discrimination, Qualcomm produced unrebutted evidence that its termination decisions were made to satisfy the differing business needs of the varying divisions and departments within Qualcomm. The district court determined, "Qualcomm has presented evidence that the different departments, with guidance from Human Resources, used different methods for determining which employees should be laid off in the RIF to satisfy the business needs of each department."

Plaintiffs argue that because the 95 declarations from Qualcomm managers demonstrate that *different* selection criteria were used, *different* evaluation processes were followed, *different* ranking systems were implemented, and *different* degrees of documentation existed, triable issues remain as to whether termination decisions were made to satisfy the business needs of each department.

We find no authority that a triable issue is raised on the reasonableness of the termination decisions when it is shown that the decisions are non-standardized or non-uniform. The ADEA, unlike Title VII, contains language that significantly narrows its coverage by permitting any "otherwise prohibited" action "where the differentiation is based on reasonable factors other than age." 29 U.S.C. § 623(f)(1); *Smith,* 125 S.Ct. at 1541. The plaintiffs in *Smith* failed to survive summary judgment on their ADEA disparate impact claims because the defendant's compensation plan was based on reasonable factors other than age, even though certain older employees received less generous compensation packages than younger employees. *See Smith,* 125 S.Ct. at 1545. The Court contrasted the broader "reasonable factor other than age" inquiry under the ADEA to the more demanding "business necessity" test under Title VII:

> While there may have been other reasonable ways for the [defendant] to achieve its goals, the one selected was not unreasonable. Unlike the business necessity test, which asks whether there are other ways for the employer to achieve its goals that do not result in a disparate impact on a protected class, the reasonableness inquiry includes no such requirement.

*Smith,* 125 S.Ct. at 1546.

In summary, Qualcomm offered evidence that its many managers made employment termination decisions based upon the reasonable and diverse business needs of different departments within the corporation. Plaintiffs' only rebuttal evidence as to the reasonableness of the business decisions was that the termination decisions were not uniform or standardized. Because this does not raise a triable issue

of reasonableness within the context of the ADEA, the grant of summary judgment on plaintiffs' disparate impact claim of age discrimination was proper.

AFFIRMED.