FILED

10/18/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0357

DA 21-0357

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2022 MT 202

CASCADE COUNTY,

      Plaintiff and Appellant,

  v.

MONTANA PETROLEUM TANK RELEASE
COMPENSATION BOARD,

      Defendant and Appellee.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. ADV-2016-558
Honorable Mike Menahan, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Jack G. Connors, Jacqueline R. Papez, Doney Crowley P.C., Helena,
Montana

      For Appellee:

            Aislinn W. Brown, Deputy Bureau Chief, Agency Legal Services Bureau,
Helena, Montana

                      Submitted on Briefs:  August 24, 2022

                              Decided:  October 18, 2022

Filed:

                          _____
                                    Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1    Cascade County appeals the May 21, 2021 Order of the Montana First Judicial District Court, Lewis and Clark County, denying its request for attorney fees and costs, interest, and unjust enrichment damages.

¶2    We affirm and restate the issue as follows:

> *Is reimbursement from the Montana Petroleum Tank Release Compensation Fund for attorney fees, costs, interest, and unjust enrichment damages prohibited by § 75-11-307(2)(d), MCA?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3    This appeal follows the remand ordered by this Court in *Cascade Cnty. v. Mont. Petro. Tank Release Comp. Bd.*, 2021 MT 28, 403 Mont. 195, 480 P.3d 815 (*Cascade I*). It involves a long-running dispute, stemming from discovery beginning in 1996, between Cascade County (the County) and the Montana Petroleum Tank Release Compensation Board (the Board) for remediation costs associated with petroleum contamination at the Cascade County Shop Complex in Great Falls, Montana.

¶4    On June 20, 2016, the County filed a petition for judicial review of the Board's decision which held that four petroleum releases at the shop complex did not qualify for reimbursement from the Montana Petroleum Tank Release Compensation Fund (the Fund). The Board based its denial on the statute of limitations set forth in § 27-2-231, MCA. *Cascade I*, ¶ 9.

¶5    The District Court issued an order on December 6, 2017, reversing the Board's decision and concluding that the Board incorrectly applied the statute of limitations. The

2

District Court then remanded to the Board to determine the number of eligible releases. The County appealed, and the Board cross-appealed. *Cascade I*, ¶ 1.

¶6 On appeal, we affirmed in part the District Court's decision that the County was not time-barred from submitting eligibility applications to the Board and reversed in part because the County had established that four releases occurred at the shop complex that were eligible for reimbursement from the Board. *Cascade I*, ¶¶ 23-30. This Court's Opinion instructed the District Court "to remand the case to the Board to reimburse the County's eligible costs for three additional releases." *Cascade I*, ¶ 30.

¶7 In District Court, the County filed a "Motion for Remand to the Board to Pay Eligible Costs and to Establish Briefing Schedule." In support of its motion, the County argued that (1) it was entitled to attorney fees and costs under the insurance exception to the American Rule, (2) it was entitled to interest and damages based on unjust enrichment, (3) it was entitled to attorney fees under § 25-10-711, MCA, and (4) that none of these fees, costs, and damages were prohibited by § 75-11-307, MCA. The County also requested, in a footnote, that the District Court allow it to amend its pleadings to conform with the evidence under M. R. Civ. P. 15.

¶8 Before the time set for the County to file a reply brief had expired, the District Court issued an order denying the County's request, concluding that (1) the County failed to preserve its request for fees, costs, interest, and damages by not requesting them in a contested case proceeding or in its petition for judicial review, and (2) the County was

prohibited from seeking fees, costs, interest, and damages under § 75-11-307, MCA. For any further factual or procedural background, refer to *Cascade I*, ¶¶ 4-12.

## STANDARD OF REVIEW

¶9 The interpretation and construction of a statute is "a matter of law" which we review de novo to determine whether the District Court interpreted and applied it correctly. *State v. Triplett*, 2008 MT 360, ¶ 13, 346 Mont. 383, 195 P.3d 819. "We review for abuse of discretion a district court's decision to award or deny attorney fees." *Shockley v. Cascade Cnty.*, 2016 MT 34, ¶ 5, 382 Mont. 209, 367 P.3d 336. We review a district court's denial of a motion to amend the pleadings for abuse of discretion. *RSG Holdings v. Missoula Irrigation Dist.*, 2004 MT 214, ¶ 9, 322 Mont. 369, 96 P.3d 1131.

## DISCUSSION

¶10 *Is reimbursement from the Montana Petroleum Tank Release Compensation Fund for attorney fees, costs, interest, and unjust enrichment damages prohibited by § 75-11-307(2)(d), MCA?*

¶11 The County argues that it did not "fail" to raise the issue of attorney fees, costs, interest, and unjust enrichment damages with the Board because the Board has no authority "to grant anything beyond claims for reimbursement." The County contends that the question of eligible costs was properly before the District Court once it became the "prevailing party"—after we issued the decision in *Cascade I*. *See Kunst v. Pass*, 1998 MT 71, ¶ 38, 288 Mont. 264, 957 P.2d 1 (holding that it was proper for the plaintiffs to wait until after the court granted them a directed verdict to file a motion for attorney fees once it became the "prevailing party"); *Mt. W. Farm Bureau Mut. Ins. Co. v. Brewer*, 2003

MT 98, ¶ 11, 315 Mont. 231, 69 P.3d 652 ("a court may award attorney fees only to a prevailing party"). As such, the County posits that the issue of attorney fees, costs, interest, and unjust enrichment must be raised with the District Court and not before the Board. The County also argues that because it did not have an opportunity to file a reply brief before the District Court issued its order, the District Court improperly reached the substantive issue without allowing for full briefing. *See* U.D.C.R. 2(c) (allowing 14 days to submit a reply brief).

¶12 In response, the Board argues that this Court's instruction in *Cascade I* did not give the District Court "room to award fees, costs, interest, or unjust enrichment damages, or to permit a motion to amend." Due to our specific and limited instructions on remand, the Board contends that the County's request for a briefing schedule and to amend its petition was futile because the District Court never had authority to award attorney fees, costs, or other damages.

¶13 In *Cascade I*, this Court's Opinion specifically instructed the District Court "to remand the case to the Board to reimburse the County's *eligible costs for three additional releases*." (Emphasis added.) The proceedings on remand were therefore narrow, with instructions to the District Court to remand to the Board to determine "eligible costs." The Board and its activities are funded by the Fund under § 75-11-318(4)(d) and (e), MCA, and reimbursement for eligible expenses associated with cleanup of petroleum contamination must comply with § 75-11-307, MCA. The plain language of § 75-11-307(2)(c) and (d), MCA, unequivocally precludes an award of attorney fees, costs, interest, and damages:

> An owner or operator may not be reimbursed from the fund for [. . .] penalties or payments for damages incurred under actions by the [. . .] board [. . .] involving judicial or administrative enforcement activities and related negotiations [or] attorney fees and legal costs of the owner, the operator or a third party[.]

Section 1-2-101, MCA, requires this Court to "simply ascertain and declare what is in terms or in substance contained [in the statute], not to insert what has been omitted or to omit what has been inserted." Accordingly, "eligible costs" do not include attorney fees, costs, interest, and unjust enrichment damages because they are excluded specifically by § 75-11-307(2), MCA. Moreover, the District Court did not abuse its discretion when it denied the County's request for a briefing schedule and to amend its petition before the County submitted its reply brief because allowing the County to file additional briefing would have been futile when the County's request was statutorily prohibited. Additionally, the District Court had specific instructions from this Court to remand to the Board.

¶14 Nonetheless, the County argues that it is not seeking to recover attorney fees, costs, interest, and unjust enrichment damages which were "caused by a release," and thus § 75-11-307(2)(d), MCA, is inapplicable. It contends that it is merely seeking fees and costs as the "prevailing party in the litigation." However, attorney fees, costs, interest, and unjust enrichment damages are statutorily prohibited by the plain language of § 75-11-307(2), MCA. We must enforce the plain language of the statute. Accordingly, § 75-11-307(2)(d), MCA, prohibits reimbursement by the Fund of attorney fees, costs, interest, and unjust enrichment damages.

6

¶15    Because we conclude that the County's claims for attorney fees, costs, interest, and unjust enrichment damages are statutorily prohibited, we do not reach the County's argument that an exception to the American Rule applies.

## CONCLUSION

¶16    The District Court correctly determined that the provisions of § 75-11-307(2), MCA, preclude the County's request for attorney fees, costs, interests, and unjust enrichment damages.  We affirm.

/S/ LAURIE McKINNON

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR
/S/ JIM RICE