**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

AUG 21 2023

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CALVERT A. WILLIAMSON, | No.    22-16618 |
| Plaintiff-Appellant, | D.C. No. 1:21-cv-00098-JMS-RT |
| v. | |
| STATE OF HAWAII; DAVID Y. IGE, Governor; PUBLIC SAFETY DEPARTMENT; MICHAEL HOFFMAN; FRANCIS SEQUEIRA; LANCE RABACAL; CESAR ALTARES; DANIEL BRYANT, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Submitted August 15, 2023[**]

Before:      TASHIMA, S.R. THOMAS, and FORREST, Circuit Judges.

Calvert A. Williamson appeals pro se from the district court's summary

judgment in his action alleging racial discrimination.  We have jurisdiction under

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. We review de novo. *Hamby v. Hammond*, 821 F.3d 1085, 1090 (9th Cir. 2016). We affirm.

The district court properly granted summary judgment on Williamson's hostile work environment claim because Williamson failed to raise a genuine dispute of material fact as to whether the work environment was sufficiently severe or pervasive enough to alter the conditions of Williamson's employment. *See Christian v. Umpqua Bank*, 984 F.3d 801, 809 (9th Cir. 2020) (in analyzing a hostile work environment claim, courts consider "all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance" (internal quotation marks omitted)); *Ray v. Henderson*, 217 F.3d 1234, 1245 (9th Cir. 2000) ("Not every insult or harassing comment will constitute a hostile work environment.").

The district court properly granted summary judgment on Williamson's due process and equal protection claims because Williamson failed to raise a genuine dispute of material fact as to whether he was deprived of a constitutionally protected liberty or property interest, or whether defendants acted with an intent or purpose to discriminate based upon race. *See Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) ("To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show

that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." (citation and internal quotation marks omitted)); *Johnson v. California*, 207 F.3d 650, 656 (9th Cir. 2000) (explaining that where the Equal Protection Clause covers the actions challenged in the complaint, a plaintiff may not proceed on a substantive due process theory); *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993) (reciting elements of procedural due process claim).

The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Williamson's state law claims. *See Ove v. Gwinn*, 264 F.3d 817, 821, 826 (9th Cir. 2001) (setting forth standard of review; "[a] court may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying Williamson leave to amend his complaint where he requested such relief after summary judgment had been entered. *See Nguyen v. United States*, 792 F.2d 1500, 1503 (9th Cir. 1986) (stating that a court "ordinarily will be reluctant to allow leave to amend to a party against whom summary judgment has been entered" (citation omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on

appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Appellees' motion to supplement record on appeal (Docket Entry No. 11) is granted.

**AFFIRMED.**