**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THE HEMMER GROUP, | No. 11-56154 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-07844-JHN-AGR |
| v. | |
| SOUTHWEST WATER COMPANY; ANTON C. GARNIER; MARK A. SWATEK; CHERYL L. CLARY; PETER J. MOERBEEK, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Jacqueline H. NGUYEN, District Judge, Presiding

Argued and Submitted April 10, 2013
Pasadena, California

Before: REINHARDT and MURGUIA, Circuit Judges, and LASNIK, District
Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Robert S. Lasnik, District Judge for the U.S. District
Court for the Western District of Washington, sitting by designation.

This securities class action stems from SouthWest Water's announcement that its financial statements for 2005, 2006, and 2007 could no longer be relied on and that the company intended to file restated financials for those years. The company filed restated financials on July 9, 2009. According to the company, the restatement "correct[ed] errors in the consolidated financial statements." The restatement resulted in a massive downward adjustment of operating income. The adjustment of revenue was not as severe, but was negative for all years. The complaint alleges that the restatement negatively changed many key financial numbers. The company also disclosed that it did not "maintain an effective control environment" due to 15 enumerated "material weaknesses."

The Second Consolidated Amended Class Action Complaint alleges violations of: Section 11 of the Securities Act against all Defendants; Section 15 of the Securities Act against the individual Defendants; Section 10(b) of the Securities Exchange Act against all Defendants; Section 20(a) of the Securities Exchange Act against the individual Defendants; and Section 20A of the Securities Exchange Act against Granier and Moerbeek. Defendants moved to dismiss the complaint for failure to state a claim under F.R.C.P. 12(b)(6). The district court granted the motion and dismissed all claims with prejudice.

The district court had jurisdiction under the Securities Act (15 U.S.C. §§ 77k, 77o) and the Securities Exchange Act (15 U.S.C. §§ 78j(b), 78t(a–b), 78t-1(a)). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) de novo. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009).

## I.

To establish a claim under Section 11 of the Securities Act, Plaintiff must show "(1) that the registration statement contained an omission or misrepresentation, and (2) that the omission or misrepresentation was material, that is, it would have misled a reasonable investor about the nature of his or her investment." *Rubke v. Capitol Bancorp Ltd*, 551 F.3d 1156, 1161 (9th Cir. 2009) (quoting *In re Daou Sys., Inc.*, 411 F.3d 1006, 1027 (9th Cir. 2005)). Section 11 is a strict liability statute and does not require fraudulent intent. *Daou*, 411 F.3d at 1027.

Because the Section 11 allegation "sounded in fraud" it is subject to the heightened pleading requirements of Rule 9. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003) (Section 11 claims that rely on a "unified course of fraudulent conduct" are subject to Rule 9(b)).

The financial statements issued by SouthWest during the class period were, by SouthWest's own admission, incorrect. By definition, a restatement corrects financial data that was false when made. The complaint adequately alleges the originally reported financial data, the restated financial data, and the difference between the two. The complaint adequately alleges falsity.

A fact is material if there is "a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the 'total mix' of information made available." *Matrixx Initiatives, Inc. v. Siracusano*, 131 S. Ct. 1309, 1318 (2011) (quoting *Basic v. Levinson*, 485 U.S. 224, 231–32 (1988)). Materiality should be resolved as a matter of law in the defendant's favor "only if the omitted fact is so obviously unimportant that no reasonable shareholder could have viewed it as significantly altering the 'total mix' of information made available to stockholders." *Zell v. InterCapital Income Sec., Inc.*, 675 F.2d 1041, 1045 (9th Cir. 1982) (*quoting TSC Industries, Inc. v. Northway, Inc.*, 426 U.S. 438, 449 (1976)). The misstatements alleged in the complaint were material and not obviously unimportant.

Allegations of "improper accounting requiring a restatement does not, by itself, establish materiality." *United States v. Reyes*, 660 F.3d 454, 470 (9th Cir. 2011). A plaintiff must "show with particularly how the [accounting irregularities]

affected the company's financial statements and whether they were material in light of the company's overall financial position." *Daou*, 411 F.3d at 1018. A restatement can "be used as evidence" to support such a showing. *Reyes*, 660 F.3d at 470.

The complaint pleads materiality with sufficient particularity. The complaint describes "massive" changes in financial data including downward revisions in Net Income from 2004 to 2007 to between 33% and 100% of previously recorded income. The complaint reproduces a chart from SouthWest's 2008 10-K that identifies the Operating Income, Income from Continuing Operations, Income from Discontinued Operations, and Net Income as originally stated, the amount it was restated by, and the restated amount for 2004 to 2007. These allegations, especially when combined with the fact that the SouthWest restated its financials, are sufficient to plead materiality.

We **REVERSE** the dismissal of the Section 11 claims.

## II.

To prevail on a claim for fraudulent misrepresentation under Section 10(b) of the Securities Exchange Act of 1934, Plaintiff must allege: "(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security;

(4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." *Stoneridge Inv. Partners, LLC v. Scientific-Atlanta*, 552 U.S. 148, 157 (2008).

Plaintiff must establish that the misrepresentations were made with "a mental state embracing intent to deceive, manipulate, or defraud." *Matrixx*, 131 S. Ct. at 1323. It is sufficient to demonstrate that the defendant acted with "deliberate recklessness." *S.E.C. v. Platforms Wireless Intern. Corp.*, 617 F.3d 1072, 1093 (9th Cir. 2010); *Hollinger v. Titan Capital Corp.*, 914 F.2d 1564, 1568–69 (9th Cir. 1990) (en banc); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 n.3 (2007) (noting that all courts of appeals have found recklessness sufficient).

The Private Securities Litigation Reform Act ("PSLRA") imposes a special pleading regime over the substantive law of scienter and the complaint must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u–4(b)(2)(A). A complaint survives a motion to dismiss "only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *Tellabs*, 551 U.S. at 324.

The complaint here does not survive because the more likely inference from the facts alleged is that SouthWest was at most negligent in its failure to maintain proper accounting internal controls. Most of the facts alleged in the complaint are consistent with both the fraudulent and non-fraudulent inference. But the facts that: (1) the company disclosed potential problems in its accounting system during the class period; (2) the Confidential Witness testified that the company was making efforts to improve its accounting system; and (3) the accounting errors originated from distinct geographic regions, are consistent only with the non-fraudulent inference. The inference of scienter is therefore not as compelling as the inference of negligence.

We **AFFIRM** the dismissal of the Section 10(b) claims.

### III.

The Section 20(a) and Section 20A claims require a violation of Section 10(b). Because we affirm the dismissal of the Section 10(b) claims, we also affirm the dismissal of the Section 20(a) and 20A claims.

The complaint does, however, state a claim for violation of Section 11, and therefore if Defendants "exercised actual power or control over the primary violator," they are liable for a violation of Section 15 of the Securities Act. *Howard v. Everex Systems, Inc.*, 228 F.3d 1057, 1065 (9th Cir. 2000). At the pleading

stage, Plaintiffs must only show authority to exercise such power, rather than actual exercise of such power. *Id.* Here, the complaint sufficiently alleges that the executives were control persons based on their role in the company. Specifically, the complaint alleges that Defendants signed registration statements containing the false financial statements. *Howard*, 228 F.3d at 1066 (denying motion of executive that signed financial statements); *Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1161 (9th Cir. 1996) (denying summary judgment motion of CEO that signed allegedly false statements). We therefore reverse the dismissal of the Section 15 claims.

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED**.

Each party shall bear their own costs on appeal.