**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| THE HEMMER GROUP, | No. 14-56235 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 2:08-cv-07844-DMG-AGR |
| SOUTHWEST WATER COMPANY; ANTON C. GARNIER; MARK A. SWATEK; CHERYL L. CLARY; PETER J. MOERBEEK, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted August 4, 2016
Pasadena, California

Before: O'SCANNLAIN, RAWLINSON, and CALLAHAN, Circuit Judges.

The Hemmer Group appeals the district court's order denying leave to

amend its complaint to reopen claims against SouthWest Water Co. under Section

10(b) and Section 20(a) of the Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

78t(a), as well as the district court's grant of summary judgment disposing of the Hemmer Group's claims under Section 11 and Section 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k and 77o. We affirm.

I

A

The district court did not err when it refused to reopen the Hemmer Group's Section 10(b) claim. The rule of mandate doctrine provides that "[w]hen a case has been once decided by this court on appeal, and remanded to the [district court], whatever was before this court, and disposed of by its decree, is considered as finally settled." *United States* v. *Thrasher*, 483 F.3d 977, 981 (9th Cir. 2007) (quoting *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255-56 (1895)). Once a claim has been settled by the mandate of the appellate court, the trial court loses discretion to allow amendments to that claim if the mandate "explicitly or impliedly preclud[es] amendment." *Nguyen v. United States*, 792 F.2d 1500, 1503 (9th Cir. 1986). The rule of mandate is jurisdictional, not merely an expression of common judicial practice. *See Thrasher*, 483 F.3d at 982.

Here, our mandate removed the Hemmer Group's Section 10(b) claim from the jurisdiction of the district court. We previously affirmed the district court's decision to dismiss the Section 10(b) claim with prejudice. *See Hemmer Group v.*

*SouthWest Water Co.*, 527 F. App'x 623, 627 (9th Cir. 2013) (unpublished). Prejudicial dismissal is only appropriate when "it is clear that the complaint could not be saved by any amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). By affirming the district court's decision to dismiss the Section 10(b) claim with prejudice, this Court necessarily agreed that no amendment could save the complaint. We therefore "impliedly preclud[ed] amendment" of the Section 10(b) claim, taking the matter out of the district court's jurisdiction on remand. *Nguyen*, 792 F.2d at 1503.

B

The Hemmer Group's Section 20(a) claim is derivative of Section 10(b). *See In re Rigel Pharms., Inc. Sec. Litig.*, 697 F.3d 869, 886 (9th Cir. 2012). Because the district court properly refused leave to amend and reopen the Section 10(b) claim, it did not err in refusing leave to amend the complaint to renew the Section 20(a) claim.

II

A

The district court did not err in granting SouthWest Water Co.'s motion for summary judgment on the Section 11 claim. Section 11 of the Securities Act of 1933 creates a strict-liability cause of action for plaintiffs who purchase stock

pursuant to a defective offering only if such plaintiffs can first "trace their shares back to the relevant offering." *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1106 (9th Cir. 2013). Tracing shares back to a particular offering requires reconstructing the chain of title, "starting with [the plaintiff's] own purchases and ending with someone who bought directly in the secondary offering." *Id*. at 1106–07. Courts have long observed that "tracing shares in this fashion is often impossible" but have insisted that, "though difficult to meet in some circumstances, this tracing requirement is the condition Congress has imposed for granting access to the relaxed liability requirements § 11 affords." *Id.* at 1107 (internal quotations omitted).

Here, the Hemmer Group cannot trace its shares to an offering made under a false or materially misleading registration statement. The district court found that the shares owned by the Hemmer Group were part of a fungible mass of SouthWest shares held by SouthWest's transfer agent, Bank of New York Mellon. This mass included shares from multiple offerings. Such situation effectively prevented any chain of title from ever being built because shares from several offerings were entirely indistinguishable. Because the Hemmer Group could not demonstrate that its shares originated from the relevant registration statement, it lacked standing to pursue its Section 11 claim.

B

The district court did not err in granting the defendant's motion for summary judgment on the Section 15 claim. The Hemmer Group's Section 15 claim is derivative of the Section 11 claim because Section 15 claims require an underlying primary violation of the securities laws. *See Rigel Pharms.*, 697 F.3d at 886. Because no remaining claim for a primary violation of securities law existed after the district court dismissed the Section 11 claim, the court's judgment on the Section 15 claim was proper.

**AFFIRMED**.